## Stoll *et al. vs* Knight.

ERROR TO THE JEFFERSON CIRCUIT.

*Jefferson Circuit Court practice.*

CHIEF JUSTICE ROBERTSON delivered the opinion of the Court.

PET. SUM.

Case 41.

October 8.

The case stated.

CONTEMPLATING a continuous session of the Jefferson Circuit Court, the Legislature in 1837, passed an act subdividing that session into four terms, running into each other—made the first Monday in every month the return day of writs, and prescribed a general and trial docket.

The second section provides, that all actions may be placed on the trial docket, "at any time after the return day of the writ, and ten days service thereof." And the 10th section enacts, "that Wednesday after the first Monday of each month shall be the day of calling the petitions on the general docket, and judgments may be rendered in all such cases where pleas are not filed, without transferring them to the trial docket."

In this case, (*Petition and Summons*,) the summons was executed only nine days before the return day, (Monday), the case was called, on the general docket, the next

STOLL *et al.*
*vs*
KNIGHT.

Wednesday, and, there being neither plea nor appear⸗ance, judgment was then rendered by default. And the plaintiffs in error, insist that the Circuit Court had no authority to render such a judgment, unless the summons had been served ten days *before the return day.* This is the only question presented in the record.

There can be no doubt that this case was properly placed on the general docket. And we are clearly of the opinion, that the second section of the statute of 1837, authorizes the Court to fix a day for trial, and transfer a case to the trial docket at any time after ten days from the service of the writ, if, in the mean time, the return day shall have passed—that is, at any time after the return day, and after ten days also shall have elapsed from the time of service. It is equally obvious, that the 10th sec. not only fixes Wednesday next succeeding *the return day* for calling all petitions on the general docket, but dispenses with the designation of any other day for trial, and with the transference of a petition to the trial docket, unless when called on the general docket some defence shall be offered, and also authorizes a judgment on the day of calling.

If process on suits by petition and summons in the Jefferson Circuit Court be sued ten days before the day fixed by the Court for the calling the general petition docket, judgment may be rendered by default.

If then, in any petition case, ten days shall have elapsed from the service to the day fixed for calling the general petition docket, we cannot resist the conclusion, that judgment by default may be rendered in such case when called. It is not necessary or proper now to decide whether such judgment could be rendered in a case in which, when called, it should appear that the summons had not been served as long as ten days before the calling on the general docket.

It is, therefore, considered that the judgment be affirmed.

*Dozier & Haggin* for plaintiffs: *Owsley & Goodloe* for defendant.