*Owsley & Goodloe* for plaintiff: *Cates & Lindsey* for defendants.

---

*Margin note:*

BONHAM
*vs*
LAIRD.

It is not error to reject proof offered by a party, which does not conduce to prove a fact in issue which would be favorable to the party offering.

---

## Bonham *vs* Laird.

ERROR TO THE KENTON CIRCUIT.

*Assumpsit. Evidence. Witnesses.*

JUDGE MARSHALL delivered the opinion of the Court.

THIS was an action of assumpsit by Laird against Bonham, for the value of four $50 Bank notes on the City Bank of New Orleans, alledged to have been received by the defendant for the use of plaintiff, and on his un-

*Margin note:*

ASSUMPSIT.

*Case* 81.

*April* 18.

The case stated.

BONHAM
*vs*
LAIRD.

dertaking to deliver them or their value to him. The delivery of the notes to the defendant to be delivered to the plaintiff, and his receiving them for that purpose, is, as we apprehend, a sufficient consideration for his undertaking to deliver them to the plaintiff, and makes him liable for the failure to perform that undertaking, unless without improper negligence or fraud on his part, he had lost them, or was otherwise prevented from delivering them.

One to whom Bank notes is sent, may maintain, assumpsit against one who received and failed to deliver them, without good reason for the failure.

That the delivery and receipt of the notes for the purpose above stated, is a sufficient consideration to support the undertaking, and that assumpsit may be brought thereon, is, we think, established by the celebrated case of *Coggs* vs *Bernard*, and is asserted by the elementary writers on Bailments. And as the declaration, though inartificially drawn, shows these facts, and alledges the non-delivery of the note and non-payment of their value, we think it substantially good, and that the demurrer was properly overruled.

—And the person who sent the Bank note is a competent witness to prove the delivery to defendant.

But the principal question made in the case relates to the competency of a witness, whose deposition, though objected to by the defendant and moved to be excluded on the ground of incompetency, was permitted to go to the jury, and contains, in fact, the only evidence in the record on which the action could have been sustained. This witness states, in substance, that having had in his possession, in New Orleans, certain goods of the plaintiff for sale, at fixed prices, the proceeds to be remitted to plaintiff, who resided at Covington, Kentucky, he received from him, about the 15th or 20th of March, 1842, by the hands of the defendant, a letter requesting him to send to the plaintiff, by the defendant, $200; that on the next day he enclosed four $50 Bank notes, on the City Bank of New Orleans, in a letter directed to the plaintiff at Covington, and delivered the letter to the defendant, showing him the notes enclosed, and then sealing or resealing the letter, and communicating the directions of the plaintiff on the subject; that he had then sold goods, of the plaintiff equal to a part only of the amount thus sent, and had other of his goods in his possession for sale, and in which he had no interest; that no person was

present when he delivered the letter and notes to the defendant, and that he took no receipt.

It seems to us, upon this statement of facts, that the witness was interested in the event of the suit and on the side of the plaintiff; for a recovery in this action of $200, as paid by the witness to the defendant, on the order of the plaintiff, would, as we are inclined to think, discharge the witness as to so much of the proceeds of sales of the plaintiffs goods in the hands of the witness; while the failure of the present action, on the ground of a failure to prove the fact of payment to the present defendant, would leave the witness subject to that demand.

The rule which excludes the testimony of an interested witness is, however, subject to a well established exception, which, on the ground of general convenience and necessity, admits the testimony of a servant, agent, factor, &c., to prove his own acts, done for the principal in the usual course of business, and for the non-payment of which he might be responsible, because in the ordinary course of things, such acts cannot be generally expected to be proved by any other person. We are inclined to the opinion, though not without some doubt, that the witness in this case comes within the reason and principle of this exception. And as the modern practice seems to be to admit the witness, where the question of competency is doubtful, leaving the jury to determine the credit due to his testimony, we cannot decide that the Court erred in refusing to exclude the deposition.

With regard to the objection that too much interest is included in the verdict, as it appears that the interest allowed does not commence until more than one month after the receipt of the money by the defendant, which may be presumed to have given ample time for its delivery to the plaintiff, the verdict cannot be deemed excessive in this respect. No demand was necessary to give the right of action or to authorize the allowance of interest by the jury.

Wherefore, as the verdict is authorized by the evidence, the judgment is affirmed.

*Cates & Lindsey* for pl'tf: *Harlan & Craddock* for def't.