THE ESTATE OF JOHN COLUMBUS, Appellant, *vs.* JOHN MONTI, Respondent.

MOTION TO DISMISS AN APPEAL FROM THE DISTRICT COURT OF WASHINGTON COUNTY.

There should always be a competent party representing every interest that is litigated in Court, in order that the process of the Court may have some one to operate upon. The "Estate" of a decedent has no legal personality that can have a status in Court. It must be represented by some person or persons capable of suing or being sued.

GOLD T. CURTIS, Counsel for Appellant.

W. H. BURT, Counsel for Respondent.

*By the Court*—FLANDRAU, J.—John Monti filed a claim against the estate of John Columbus, deceased, with the commissioners appointed by the Probate Court to receive, examine and adjust the claims against that estate. Monti, feeling aggrieved by the decision of the commissioners, took an appeal to the District Court, where the matter was retried and Monti recovered a verdict for the full amount of his demand. Some one representing the estate of Columbus, or interested therein in some way, but who, does not appear, brings this appeal, alleging errors on the trial, and seeking a reversal and new trial. The appeal, as appears from the title of the cause in this Court, is taken in the name of "The Estate of John Columbus." The statute (*Comp. Stats.*, 442, *sec.* 20,) allows the executor, administrator or a creditor of the estate to appeal to the District Court from the decision of the commissioners; and *section* 21, *same page*, gives any claimant against the estate the same right. *Section* 29, *page* 443, provides that when an executor or administrator declines to appeal from the decision of the commissioners, any person interested in the estate as creditor, devisee, legatee or heir, may bring the ap-

peal. *Section* 25, *page* 443, provides that questions of law may be carried to the Supreme Court.

It is objected in this case that the appeal is not brought by any party authorized by the statute to appeal, nor by any competent party, and we are asked to dismiss it. It is our opinion that the objection is well taken. There should always be a competent party representing every interest that is litigated in Court, in order that the process of the Court may have some one to operate upon. The estate of a decedent has no legal personality that can have a status in Court. It is merely the subject matter of the contest, and must in all transactions connected with it be represented by some person or persons capable in the law of suing and being sued. The controversy therefore is not properly before this Court, and the appeal should be dismissed.

It is unnecessary, and perhaps improper, that we should enter into a discussion of the merits, when we have no jurisdiction of the subject matter of the appeal.

Appeal dismissed.