JUDGE LINDSAY
delivered the opinion oe the couet.
Hall sued a corporation which he styled The Louisville, Nashville & Great Southern Railway Company. The summons was executed on Albert Fink, who wms designated by the sheriff as the vice-president of that corporation. On the calling of the cause “ defendant by attorney moved the court *132 to quash the sheriff’s return on the process herein.” At the same time Fink offered to file an affidavit in which he stated in effect that there was no such corporation known to him as the one made defendant to the action, and that he was not an officer or stockholder or an employee or agent for any corporation of that name. Other affidavits were read to the court, and the motion to quash the officer’s return was overruled. Thereupon this answer was filed.
“ The defendant denies that there is or ever was any such corporation as the Louisville & Nashville and Great Southern Railroad Company, and prays that plaintiff’s petition be dismissed, and for all proper relief.” This answer is sworn to by Vm. Johnson, who avers “that he is the attorney for the defendant.”
The answer, the jurat, and the bill of exceptions made up after the judgment was rendered in the action, all show that there was a defendant in court represented by an attorney, and that a defense was attempted to be made. The petition upon its face and the proof heard on the motion to quash the sheriff’s return demonstrate that the corporation sued was the identical corporation that was controlling and operating the Lebanon Branch of the Louisville & Nashville Railroad.
The corporate representatives, officers, agents, and employees of that corporation were known to the appellee and to the public, but the true name of the corporation was a matter of uncertainty. This uncertainty grew out of the fact that the legislature had authorized the Louisville & Nashville Railroad Company to purchase or to acquire interests in certain other railroads and to consolidate with the companies owning them, and then “to adopt such corporate name as they may select, and in such name” to sue and be sued, and to exercise all the power theretofore possessed by said company. The question presented upon the motion to quash the return was, whether this grant of power had been exercised, and whether *133 the name by which the corporation was sued was the name adopted by the defendant.
The court decided both these propositions in the affirmative, and for the purposes of this appeal it is immaterial whether the decisions were correct or not. The testimony showed beyond cavil that the proper defendant was in court. It knew its own name. The answer it saw proper to file was in the nature of a plea in abatement. It presented no defense whatever to the action.
At the common law where the defendant was sued by the wrong name he might plead that fact in abatement, but to make his plea good he was bound to give the plaintiff a better writ in the future by disclosing his true name. (Chitty’s Pleadings, vol. 1, page 447.)
By the statute of 3d & 4th William IV, chap. 42, sec. 11, it was provided that the plaintiff, in case of a misnomer of the defendant, after the plea was sustained might amend his declaration and then proceed against him by his true name, and such is the rule under our Code of Practice.
The answer of the appellant being defective, the demurrer thereto was properly sustained; and-as it failed to plead further and failed to disclose its true corporate name, it can not complain that the judgment was rendered against it in the name by which it had been sued.
Judgment affirmed.