## McGregor v. The Fuller Implement Co.

1. **Pleading:** EVIDENCE: VARIANCE: CORPORATE NAME. The value of services rendered to one corporation cannot be recovered in a suit against another corporation, on the ground that the two corporations are identical, and that there was only a change of name, unless the fact thus relied on is distinctly averred in the pleading.

*Appeal from Creston Superior Court.*

THURSDAY, JUNE 23.

ACTION upon an account for service. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*Maxwell & Leonard*, for appellant.

*Gregory & Wicks*, for appellee.

ADAMS, CH. J.—The plaintiff appears to have recovered for services from the 1st day of December, 1885. The defendant is a corporation organized January 1, 1886. It insists that it could not be held liable for services rendered before its organization.

The fact appears to be that a certain business was conducted by a corporation called the Fuller Implement & Coal Company. The services rendered by the plaintiff during the month of December, 1885, appear to have been rendered for that company. January 1, 1886, the defendant company was organized, and took up and carried on the business theretofore carried on by the Fuller Implement & Coal Company.

There was evidence tending to show that the stock in both companies was owned by one A. R. Fuller; and the plaintiff contends that the two companies were identical, and that the organization which took place January 1, 1886, was in effect nothing but a change of name. The petition, however, does not aver an identity between the defendant and a company existing prior to January 1, 1886, and it appears to us that the defendant was not bound to come prepared to disprove such identity. It is true that A. R. Fuller appeared as a witness, and that upon his testimony the plaintiff relies to show that he owned the whole stock in both companies, and that they were identical. But it may be that Fuller did not own the whole stock in both or either of the companies. If there were other stockholders in the defendant company, they had a right to assume that the company could not be charged with any liability which had accrued against some other company before the organization of the defendant.

Where a corporation is to be called upon to defend against a liability which accrued against some other corporation, it seems to us that the defendant is entitled to be apprised in advance of the name of the company with whom it is charged with being identical, and a distinct issue be tendered. Any other rule, it appears to us, might result in great inconvenience and hardship.

We think that the judgment must be    REVERSED.