CASE 50—ACTION OF COVENANT—APRIL 25.

# Wood, Etc. v. Friendship Lodge, Etc.

APPEAL FROM FAYETTE CIRCUIT COURT.

1. ESTOPPEL—TO DENY CORPORATE EXISTENCE.—A person who exe-
cutes a covenant to a corporation can not deny generally the
existence of such corporation in bar of the action. Such a plead-
ing, if good at all, is in abatement and not in bar.
2. SURETIES—LIABILITY WHERE PRINCIPAL SUCCEEDS HIMSELF.—Sure-
ties of a treasurer who succeeds himself are liable for a deficit
occurring during the term for which they were sureties in the
absence of a showing that the treasurer actually turned over to
himself as his successor the apparent balance in has hands.

WEBB & FARRELL AND BRONSTON & ALLEN FOR THE APPELLANTS.

1. The liability of the appellants upon Tate's bond was only for the
acts of treasurer Tate during the period of one year from the
date of his election. Brandt on Suretyship, vol. 1, sec. 168;
Bigelow v. Bridge, 8 Mass., 275; Com. v. Smith, 14 Ky. Law
Rep., 573; Offutt v. Com., 10 Bush, 214; Cook v. Clark, 13 Ky.
Law Rep., 101.

2. The evidence shows that at the expiration of Tate's first year as treasurer he had in his hands the sum of $119.68 which he turned over to himself as his successor.

3. The entry upon the books shows that the sum of $119.68 was on hand July 1st, 1895, and this was competent evidence as held by this court in the case of Commonwealth v. Tate, 89 Ky., 605. See further Alvord v. U. S., 1 Fed. Cases, 585; U. S. v. Earhart, 25 Fed. Cases, 970; Kingsberry v. Westfalls, 65 N. Y., ——.

HOBBS & SCOTT for the appellee.

Upon the issue whether Tate paid over to himself as successor the balance in his hands, the burden was upon the sureties and this burden they failed to sustain.

Z. GIBBONS on the same side.

Counsel argued that the evidence failed to show that the balance in the hands of Tate was turned over to himself as his own successor at the expiration of the period for which the appellants were sureties in his bond as treasurer.

JUDGE GUFFY delivered the opinion of the court.

Friendship Lodge, No. 5, I. O. O. F., of Lexington, Ky., instituted this action against P. A. Tate and the appellants, L. Royalty, and B. D. Wood, seeking to recover judgment against the defendants for a certain sum of money alleged to be due from Tate, as former treasurer of the appellee. The following is the commencement of the petition: "The plaintiff, Friendship Lodge, No. 5, I. O. O. F., of Lexington, Ky., a corporation created by, and under the laws of Kentucky, by its attorneys comes and states that on or about the 6th day of July, 1894, the defendant P. A. Tate was elected treasurer of the widows' and orphans' fund of said lodge, and accepted the office, and was about to enter upon the discharge of the duties thereof, when said defendants P. A. Tate, L. Royalty, and B. D. Wood, all members of the order of Odd Fellows, in consideration that said Tate should be allowed to act as said treasurer, executed and delivered to plaintiff their bond in writing, sub-

scribed by them. . . ." The terms of the bond are
then set out, as well as the breach, and judgment for $185.-
18 prayed for. The bond is copied as part of the petition,
and bears date the 6th day of July, 1894, and signed by the
aforesaid defendants.

The motion of the defendants Wood and Royalty, to re-
quire plaintiff to make its petition more definite and cer-
tain, was overruled, and we think properly. Afterwards
appellants, Wood and Royalty, filed their answer. The
first paragraph of said answer denied that the plaintiff
was a corporation, and denied that said Tate received
money belonging to the fund mentioned in the petition dur-
ing his continuance in office, amounting to $464.90, or other
sum, except as hereinafter set out, and denied that he
failed to pay over to his successor or to the plaintiff the
sum of $185.18, or any other sum, received as treasurer of
said fund. The second paragraph pleads that the plaintiff
is an association organized for the mutual benefit of its
members, having a constitution and certain rules under
which it acts; and it is substantially alleged that section
52 of the by-laws requires the appointment of a committee
on widows and orphans of three persons, who shall be an-
nually elected, and whose duty it shall be to receive semi-
annually from the treasurer such money as may have ac-
crued during the term, and invest the same in accordance
with the directions of the lodge; and that the plaintiff did
on the 29th of June, 1884, elect a committee, consisting of
Tate, etc.; and that upon the 6th of July, 1894, these de-
fendants together with said Tate, did execute the bond filed
with the petition, and Tate did proceed to act as treasurer,
under the provisions of said section; that said Tate, as
treasurer, and said committee, were elected for a period of
one year from said date, and on the 28th of June, 1895,

plaintiff, in accordance with said section, elected another committee, consisting of Tate, Masner, and Hering, and that the said last committee selected the defendant Tate as treasurer, and from June 29, 1894, to June 28, 1895, the said Tate collected and received the sum of $324.90, of which he paid out on proper orders $205.22, leaving a balance of $119.68 in his hands on the said 28th day of June, 1895, when the new committee was elected, and when on said date he was selected as his own successor he turned over to himself, as his own successor, the said sum, and continued to hold same as such; and they plead that the bond executed by them was only for his conduct from June 29, 1894, to June 28, 1895.  The third paragraph attempts to plead that the committee shall give such security for the faithful performance of their trust as the lodge may require, and, under the provisions of section 57, it is required of the committee, mentioned in section 52, to give security for the faithful performance of their duty, and that there was no provision of the by-laws of plaintiff releasing said committee from liability on said bond, and by reason of these facts the bond mentioned in the petition is also void.

Plaintiff's demurrer to the entire answer was sustained, with leave to amend.  The amended answer specifically sets out the election of Tate as before indicated, and charges that he turned over to himself, as his successor in office, $119.68, which he held at the time of his election, in 1895.

A demurrer to the answer as amended was overruled. The reply of plaintiff is a specific traverse of all the averments that Tate turned over any part of the $119.68 to himself as his own successor.  The second paragraph of the reply denies that Tate was elected for one year only,

but avers that he was elected for one year, and until his successor should be duly elected and enter upon the discharge of his duties, and that he remained such treasurer until he received the full amount of $469.90; and plaintiff denied that said Tate only received the sum of $329.90, but, on the contrary, he collected $469.90, as stated in the petition. It is denied that on the 28th of June, 1895, Tate had any money belonging to the lodge in his hands; and denies that said Tate turned over to his successor, or to himself as his own successor, $119.68, or any part of the sum; and denied that he complied with the terms of his bond in every respect, etc.

The rejoinder is a denial of the allegation that Tate was elected treasurer for one year, and until his successor should be elected and enter upon the discharge of his duties, and denies that said Tate remained treasurer until he received $469.90, or any other sum, except as set out in the answer.

At the close of the plaintiff's testimony appellants moved for a peremptory instruction to the jury to find for the appellants, which was overruled, with exceptions. Tate made no defense. At the close of all the testimony, the court, upon motion of plaintiff, instructed the jury to find for appellee $119.68, which was accordingly done, and judgment rendered therefor; and, appellants' motion for a new trial having been overruled, they prosecute this appeal.

The grounds relied on for a new trial are, in substance: First, because the verdict is not sustained by sufficient evidence and is contrary to law; second, for error of law occurring at the trial and excepted to by the defendants; third, that the court peremptorily instructed the jury to find for the plaintiff, to which instruction defendants objected and excepted at the time.

It is suggested for appellants that the averment in the petition that plaintiff was a corporation being denied by defendants, and no proof introduced in support thereof, the court should have given the peremptory instruction asked for by the appellants.

It is provided in section 566, Kentucky Statutes, that no corporation organized under chapter 32 of Kentucky Statutes shall be permitted to set up or rely upon the want of legal organization as a defense to any action against it; nor shall any person transacting business with such corporation, or sued for injury done to its property, be permitted to rely upon such want of legal organization as a defense.

If, however, the statute *supra* does not preclude the appellants from denying the plaintiff was a corporation, we think the pleading in that respect was insufficient; or, in other words, that it was a plea in abatement, and not available as a plea in bar.

This court, in the case of Woodson, etc., v. The Bank of Gallipolis, 4 B. Mon., 203, in discussing similar questions, said: "It may be further observed that the matter of the plea, that there was no such corporation in existence, being essentially a matter in abatement, and not in bar, and having been pleaded in bar, could not, in strictness, operate either in bar or abatement."

In Jones v. Bank of Tennessee, 8 B. Mon., 123 [46 Am. Dec., 540], the court, in discussing the same question, in substance, said: By executing a note payable to the corporation, the defendants are estopped to deny its existence at that time. If its existence had terminated before the commencement of the suit, the plea should have averred the facts which produced its termination, to have enabled the court to determine whether or not it had this

effect. . . . Besides, the plea that no such corporation is in existence is substantially a matter of abatement, and can not be relied on in bar of the action.

In Lail v. Mt. Sterling Coal Road Co., 13 Bush, 34, the court, in considering this same question, said, in substance: The appellant has admitted, by his own undertaking, the existence of the corporation and its organization; and if the corporation has ceased to exist, or the company was never incorporated, the defense, to make it available, must be made by an appropriate pleading. A note executed to one as administrator disposes of the necessity of producing letters of administration, or a note payable to the Bank of Kentucky is an admission by the obligee that said bank exists. . . . The court, in further considering the petition, in the case *supra*, said, in substance: "The petition is not only good on demurrer, but a general traverse, by plea, that no such corporation existed, would be bad on demurrer, as such a plea is a denial of a fact that the obligee has already admitted."

It seems clear to us that the denial that plaintiff was a corporation could not, in this case, operate to defeat the cause of action.

It is, however, insisted with ability, and by citation of numerous authorities, which it is contended sustain appellants' contention, that the evidence shows that the appellants were not bound for the $119.68, the amount of the judgment, and which sum it is evident that Tate had either used or had on hand at the time of his second selection as treasurer. It may be conceded that, if Tate had the $119.68 in his hands at the time of his second election and qualification, it was his duty to turn same over to himself as treasurer; but it seems to us that there is no evidence tending to establish that he did so, nor do we think that

the evidence introduced tends to show that he in fact at that time had that amount on hand and, it is certain that, if he had already squandered that sum, the appellants would be bound therefor. It is not contended that Tate ever did turn over to the plaintiff, or any person, unless it was himself, entitled, to receive the money, any part of the $119.68; and it seems to us that the burden to establish the defense was upon the appellants, and, as they totally failed to introduce proof conducing to sustain the defense, it follows that the peremptory instruction given by the court below was proper, and the judgment appealed from is affirmed.