CASE 28—ACTION BY ROSA WILHITE AGAINST THE CONVENT OF THE GOOD SHEPHERD FOR COMPENSATION FOR SERVICES.

# Wilhite v. Convent of Good Shepherd.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

FROM A JUDGMENT DISMISSING THE PETITION, PLAINTIFF APPEALS. REVERSED.

CORPORATION—ACTION AGAINST—INCORRECT NAME—CHANGE OF NAME —PLEADING—LIABILITY FOR SERVICES OF LABORER.

Held:    1. In an action in which a defendant corporation is not correctly named, sheriff's return of service of process on it should not be quashed for that reason on an affidavit which does not show its true name; the proper method to take advantage of the defect being by plea in abatement showing the true name.

2. A petition alleged that plaintiff had been detained against her will by a corporation, and compelled by it to perform hard labor continuously from 1887 to 1900, and that it had been doing business under various names, which referred to one and the same corporation. The answer alleged that the corporation sued was not organized till 1901, and was not guilty of the acts alleged. HELD, that judgment should be given for the plaintiff on the face of the pleadings; the answer failing to specifically deny the acts alleged, or that the different corporations named were one and the same.

3. An action against a corporation by its former name can not be defeated by showing that it has changed its name, unless it clearly appears that there has been a change in its membership.

4. A change of a corporation's name does not exonerate it from liabilities previously created, if it is substantially the same concern.

W. T. BURCH, FOR APPELLANT.

. 1. This being an action against a corporation known as the Convent of the Good Shepherd, the process was served on Mary Bigley, the mother superior of said convent, and we claim it was error to quash the return of the sheriff thereon on the affidavit of said Mary Bigley, in which she denies being an officer or agent of the defendant, because if she was not an officer or agent she had no standing in court and could not be heard on a motion.

2. Upon filing an amended petition correcting the name of the appellee corporation, and service of process was had upon M. Aloysius Bigley, mother superior of the Sisters of the Good Shepherd, it was error of the court to quash return of sheriff showing that process was executed as indicated.

3. Upon the appellees electing to be sued under the name of the Sisters of the Good Shepherd, Bank street, Louisville, Kentucky, plaintiff filed a supplement to the amended petition, to which appellee filed an answer, in which they do not deny that they are the owners of the property or that they do not conduct the business of the corporation, but by their answer admit they have held appellant in said convent for more than fourteen years, and are justly indebted to her in the sum sued for for her services, but claim they have been incorporated under a new name since her escape from the convent; we claim this is a dilatory plea and that appellant was entitled to a judgment on the pleadings.

### REFERENCES.

Gould on Pleadings, secs. 57, 59, pp. 75, 76, 77; Session Acts of 1867, p. 155, ch. 1148; Chitty on Pleadings, vol. 1, 534, 526, 527, 457; Stapp, etc. v. Thomasson, 2d Litt., 214; L. & N. R. R. Co. v. Hall, 12 Bush, 131; Freeman on Judgment, sec. 16, p. 25; Gould on Pleadings, p. 248, sec. 59, p. 242, sec. 81; Thompson on Corporations, p. 471, ch. 4, sec. 35; Kentucky Statute, secs. 1624 2419.

KINNEY & FITZGERALD, FOR APPELLEE.

1. Where the court had uncontradicted proof that the person upon whom service of process had been made, was not in any

way connected with the named defendant, it was bound to quash the return.

2. When appellee was finally served with process and came into court and filed its answer alleging that it was created and existing as a corporation under the laws of the State of Kentucky, but that it had no existence at the times appellant charges that the acts set out in her petition occurred, we submit that this was a complete defense to the cause of action set out in the petition. Leatherman v. The Times Co., 88 Ky., 292.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

The appellant, Rosa Wilhite, brought this action against a corporation which she styled the "Convent of the Good Shepherd," which she alleged owned and operated a laundry on Twenty-third and Bank streets, in the city of Louisville, and that their place of business was inclosed by a brick wall, twelve or eighteen feet high; that in 1887 she was brought from Hardin county and delivered to the possession of the defendant against her will and consent, and that she had been illegally detained by defendant within its inclosure and compelled to perform hard labor for them continuously until the 19th day of April, 1900, without legal authority on their part; that she had never received any compensation for any part of the labor so performed by her, which she alleged was reasonably worth $5,000, for which sum she prayed judgment. The summons which issued on this petition was executed on Mary Bigley, who was designated by the sheriff as the "mother superior of said convent, and chief officer." Thereupon Mary Bigley appeared in court, and filed an affidavit in which she stated that she was not at the time of the service of said process, and was not then, "the mother superior of the Convent of the Good Shepherd," or connected with it as an officer in any way. Thereupon the plaintiff filed an amended petition, making the "Sisters of the Good Shepherd of Louisville" defendant, and alleging

its place of business was on Bank street, between Twenty-third and Twenty-fourth, in the city of Louisville; that their name appeared in the city directory as the "Convent of the Good Shepherd;" that defendants had not complied with the law in having their corporate name placed over its door or upon its billheads, or had any one designated with the Secretary of State upon whom process might be served; that defendants had been and were doing business under the name of the "Convent of the Good Shepherd" and "St. Xavier's Laundry;" that the Convent of the Good Shepherd and the Sisters of the Good Shepherd of Louisville and the St. Xavier's Laundry were one and the same corporation; and that Mary Bigley was the mother superior thereof, and its chief officer and agent—and reaffirmed all the averments of the original petition. Thereupon Mary Bigley again appeared in court, and made affidavit that she was not at the date of the service of process upon the amended petition the mother superior or chief officer of the Sisters of the Good Shepherd of Louisville, and moved the court to quash the officer's return upon the process, which was sustained. To which the plaintiff excepted, and thereupon stated that the true corporate name of the institution doing business on Bank street, between Twenty-third and Twenty-fourth, was the "Sisters of the Good Shepherd, Bank street, Louisville, Kentucky," of which Mary Bigley was the chief officer and mother superior. The appellee then filed an answer in which it alleged that the Sisters of the Good Shepherd, Bank street, Louisville, Ky., was incorporated on the 13th day of May, 1901; that it was not theretofore a corporation, or organized as such, and was not guilty of the acts complained of in the original and amended petitions. Thereupon plaintiff

moved for judgment upon the face of the record, which the court overruled, and instead thereof entered a judgment dismissing plaintiff's petition, and from that judgment this appeal is prosecuted.

When a defendant corporation is not correctly named in an action against it, it can only be taken advantage of by a plea in the nature of a plea in abatement; and, to make this plea good, it is bound to give its true name, so that plaintiff's mistake may be corrected by amendment.    See En. of P. & P., 68; 1 Chitty on Pleadings, 447; L. & N. R. Co. v. Hall, 75 Ky., 131.

As the affidavit of Mary Bigley, the chief officer of appellee, on the motion to quash the original return made by the sheriff in this case, and also in the process which issued upon the first amended petition, failed to comply with this requirement of good pleading, the trial court erred in quashing the sheriff's return upon the summons which issued upon the original and amended petitions.

We think the trial court also erred in overruling plaintiff's motion for judgment  upon the face of the record, and in dismissing her petition, after appellee had filed its answer in the name of the Sisters of the Good Shepherd, Bank street, Louisville, Ky.    This answer does not specifically deny the allegation, of the original and amended petitions that it had detained the plaintiff and compelled her to perform hard labor for them continuously for nearly fourteen years against her will, and without legal authority, or that it had been doing business under the name of the Convent of the Good Shepherd, and the Sisters of the Good Shepherd, Louisville, and as St. Xavier's Laundry.

Our attention is called to an act of the General Assembly approved January 29, 1867 (1 Acts 1867, p. 155, c. 1148),

incorporating the Sisters of the Good Shepherd of Louisville, and conferring upon them the same powers as upon the Sisters of the Good Shepherd, Bank street, Louisville. Ky., as disclosed by its charter filed with its answer in this case. The original and amended petitions, taken together, charge, in substance, that the defendant, whether operating under the name of the "Convent of the Good Shepherd,'" or "Sisters of the Good Shepherd, Louisville," or Sisters of the Good Shepherd, Bank street, Louisville," or "St. Xavier's Laundry," is in reality one and the same corporation.    The law is well settled that an action against a corporation by its former name can not be defeated by showing that it had changed its name, unless it also clearly appears that there has been in fact a change in its membership,    Nor does such change exonerate it from liabilities previously created, if in fact it is substantially the same concern.    See section 560, Ky. St., 1903; McGregor v. Fuller Implement Co., 72 Iowa, 143, 33 N. W., 464; Welfley v. Shenandoah Iron, etc. Co., 83 Va., 768, 3 S. E., 376; Kansas, etc., R. Co. v. Smith, 40 Kan., 192, 19 Pac., 636.

For reasons indicated the judgment dismissing plaintiff's petition is reversed, and cause remanded, with instructions to allow both parties to amend their pleadings, if they so desire, with a view of pleading to an issue, and for other proceedings consistent with this opinion.