## Herman Stange and Victor L. Stange, Partners, Trading and Doing Business under the Name and Style of Western Tin and Japan Manufacturing Co. v. Price.

(Decided June 3, 1921.)

### Appeal from Boyle Circuit Court.

1. Pleading—Abatement—Parties.—A plea denying the existence of a corporation will be considered in abatement rather than in bar of the action, and when the objection is well taken it furnishes ground for an order of court requiring additional parties to be made.

2. Pleading—Abatement.—A plea in abatement offers an objection to form rather than substance and does not deny the right of action itself.

3. Pleading—Abatement—Misnomer.—Mere mistake or misnomer in plaintiff's name which does not affect his or its capacity to sue in the right name is pleadable in abatement only and when the establishment of the truth of matters alleged will not bar a future action, but will merely abate the present action, it cannot be said the matter answered is a plea in bar.

4. Pleading—Amendments.—Where it appears from the petition that the liability is to the person who really instituted the action and there is merely a mistake in the true name, generally speaking, the courts will allow an amendment to be filed correcting the mistake upon such terms as may be just.

5. Parties—Trade Names.—In a suit instituted by partners in a trade name, the proceeding so far as the partners are concerned would not be wanting in respect to real parties plaintiff, and after judgment they would be estopped to raise the point that the suit was not brought in the name of a natural person or partnership.

6. Parties—Trade Names.—An action brought by partners in their true name or by the trade name of their adoption is binding upon them whenever it appears the suit was instituted at their instance.

7. Pleading — Amendments — Trade Names — Abatement. — Where a suit was instituted by persons in their trade name and on the same day that a plea in abatement was filed an amendment was tendered correcting the mistake, the court in furtherance of justice, under Civil Code, section 134, should have permitted the amended pleading to have been filed, as it is the duty of the court to disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse parties.

CHAS. C. FOX for appellant.

PURYEAR & CLAY for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

This action was instituted by the Western Tin & Japan Manufacturing Company, as a corporation, seeking to recover a balance due on account for merchandise sold defendant (appellee). The answer was made a counterclaim, in which, after denying the material parts of the petition, defendant claimed certain credits to which he was entitled in the way of freight charges, etc. A reply made up the issues. Thereafter defendant filed a plea in abatement shortly after the discovery by him of the fact that plaintiff was not a corporation. On the same day an amended petition was tendered in which it was stated that the allegation that plaintiff was a corporation was a mistake and as a matter of fact it was a partnership composed of Herman Stange and Victor L. Stange, and as such partners they were trading and do-

ing business under the firm name of Western Tin & Japan Manufacturing Company, and in said name sold and delivered the merchandise set out in the petition. An objection to the filing of this amended petition was sustained, the action was dismissed, hence this appeal.

In the language of common law pleading, a plea denying the existence of a corporation is called a plea of *nul tiel* corporation. Whether such a plea should be construed in bar of the action or in abatement thereof the authorities are not agreed. 14 a C. J. 828.

The rule in this state is that such an objection will be considered in abatement rather than in bar, and when it appears that the objection is well taken, as is instanced in the present case, it furnishes ground for an order of court requiring additional parties to be made. Woodson, etc. v. Bank of Gallipolis, 4 B. Mon. 403; Jones, etc. v. Bank of Tennessee, 8 B. Mon. 122; Wood, etc. v. Friendship Lodge, etc., 106 Ky. 424, 50 S. W. 836; Higdon v. Wayne County Security Co., 154 Ky. 337, 157 S. W. 708. See also Baltimore & Potomac R. R. Co. v. Fifth Baptist Church, 137 U. S. 568.

Where such a plea is filed and sustained the defendant is entitled to a dismissal of the action without prejudice in the absence of a tendered amendment making new parties and correcting the mistakes or misnomer in the petition.

A plea in abatement offers an objection to form rather than substance, and does not deny the right of action itself, and as a general rule such a plea must give the plaintiff a better writ. Andrew Stephens on Pleading, sec. 71.

The mere mistake or misnomer in plaintiff's name, which does not affect his or its capacity to sue in the right name, is pleadable in abatement only, and when the establishment of the truth of the matters alleged will not bar a future action of the same property but will merely abate the present action, it cannot be said the matter answered is a plea in bar. Oregon Central Railroad Co. v. Wait, 3 Ore. 91.

In Newman on Pleading & Practice, sec. 219b, it is said:

"If there be a mistake in the name of either the plaintiff or defendant, it will not be as fatal to the action now as it formerly was. If the plaintiff sued by a wrong name, it was formerly a matter defeating the action, if

relied on by appropriate plea, but now the defect can be reached only by motion to correct the mistake and state the name of the party correctly. It is true that when an action is brought and the proof shows no liability to the plaintiff who has sued, there can be no recovery by him against the defendant; and if the person to whom the liability exists is shown to be another and different person there can be no amendment allowed which changes the real parties to the action. But where it appears that the liability is to the person who really brings the suit, and that there is merely a mistake in the true name, or a misnomer, as it is called, the court will usually allow an amendment correcting the mistake upon such terms as may be just.''

This text finds support in Baumeister, etc. v. Markham, 101 Ky. 122, 39 S. W. 844, 72 Am. St. Rep. 397, which was a suit instituted by Pauline Markham against Baumeister and others to recover damages for injuries which plaintiff claimed she sustained when she stepped into a hole in a sidewalk in the city of Louisville. The point was made that plaintiff was in fact the wife of Randolph Murray, and therefore Markham was not her name. In speaking on the subject under consideration the court says:

''It is a rule of practice recognized by this court that if the defendant to an action, though sued in the wrong name, was in proper person before the court and litigated with the plaintiff about the subject of controversy, a judgment against him on the merits of the case is as valid and effectual as if he had disclosed, and the action had been rendered in his true name.

''There is no reason why the same rule may not as well apply to the case of a plaintiff suing in an assumed name, if the defendant has not been thereby prejudiced. Therefore, if appellee be the identical person who received the injury complained of, as is so, the judgment in her favor should not be held invalid for the only reason she chose to sue in a name adopted for the stage, and by which she is generally known, for appellants have not been thereby misled, nor can she maintain another action for the same cause against them or either of them.''

The right of a person or persons to conduct business in this state under an assumed name is recognized by Ky. Stats., sec. 199b, provided such person complies with

the statute by the filing, in the office of the county clerk, of a certificate setting forth the information required by said section.

The Messrs. Stange were privileged to conduct business under the name of the Western Tin & Japan Manufacturing Company, and it was under this designation that they transacted business with the defendants, nor were they known to the defendant by any other name. The business belonged to them and they were the real persons in interest. The fact that it was conducted under a trade name rendered the business none the less, an individual enterprise, and rendered them no less responsible for its obligations. Since it was competent for them to assume such name as they desired any contract made by them under said name would be binding upon them. If a suit instituted in their name had been prosecuted to judgment, without objection, they would afterwards be estopped from denying the binding effect of the judgment, should the result be unfavorable to them. As said in 14 Enc. Pl. & Pr. 278:

"There is nothing so sacred in a name that right and justice should be sacrificed to its sanctity."

After all it is not so much the name as the identity of the person who causes the name to be employed. In a suit instituted by the Messrs. Stange in their trade name the proceedings, so far as they are concerned, would not be wanting in respect to real parties plaintiff, and after judgment they would be estopped to raise the point that the suit was not brought in the name of a natural person, a partnership or corporation.

Since the partners are capable of suing, an action brought in their true name or the trade name of their adoption will be binding upon them whenever it appears the suit was instituted at their instance. This is not a case of fictitious parties; the parties are real; though acting under an assumed name they are nevertheless real persons. See Clark Bros. v. Wyche, 126 Ga. 24. To same effect is Charles v. Valdosta Foundry & Machine Co., 4 Ga. App. 733, in which latter case appears this statement:

"  . . .  the person who thus sues in a trade or business name can not, in his real name, be afterwards heard to dispute any judgment rendered in the case in which he was a party plaintiff under the assumed or trade name."

Of course, these authorities recognize the fact that defendant is entitled to be sued by a real party in interest, and if he decides to contest the point that he is not so sued, he can do so by a plea in abatement setting up the names of the real parties plaintiff as was done by the defendant. But the effect of such plea, as we have seen, is not in bar of the action but merely an abatement of it until such time as proper amendments are seasonably offered curing the defect complained of. This is not a case where plaintiff is a nonentity, as illustrated in Steamboat Burns, 9 Wall. 236; Steamboat Penbinaw v. Wilson, 11 Iowa 479, where it was held a steamboat could not be made a party to an action. Likewise it has been held that the estate of a decedent has no legal personality such as can have a status in court. Estate of John Columbus v. Monti. 6 Minn. 568. Nor can a suit be instituted in the name of one's property. Western & Atlantic Ry. Co. v. Dalton Marble Works, etc., 122 Ga. 774.

Civil Code, sec. 134, provides, in part, that: "The court may, at any time, in furtherance of justice, and on such terms as may be proper, cause or permit a pleading or proceedings to be amended, by adding or striking out the name of a party; or by correcting a mistake in the name of a party or a mistake in any other respect, or by inserting other allegations material to the case. . . . And, if a proceeding taken by a party fails to conform in any respect to the provisions of this code, the court may permit an amendment of such proceeding, so as to make it conformable thereto. And, if the allegations of a pleading be so indefinite or uncertain that the precise nature of the claim or defense is not apparent, the court may require the pleading to be made definite and certain by amendment. The court must, in every stage of an action, disregard any error or defect in the proceedings, which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

For instance, in Woodram, by, etc. v. Cincinnati & Kentucky Southern Ry. Co., 18 Rep. 945, 38 S. W. 703, it was held that while a suit can not be maintained in the name of a next friend for the benefit of an infant, plaintiff should have been permitted to file an amended petition curing the defect, after a demurrer had been sustained to the pleading.

In Pike, Morgan & Co. v. Wathen, 25 Rep. 1264, 78 S. W. 137, where appellant had been sued in the lower court as a corporation, it was held on a petition for rehearing that, in the absence of proof of defendant's corporate existence, which was denied in the answer, the burden was on plaintiff to prove defendant was a corporation and upon failure to make the requisite proof, plaintiff was not entitled to recover, but the action was reversed with instructions to permit the parties to amend their pleadings, if desired. And in Teets v. Snider Heading Mfg. Co., 120 Ky. 653, 87 S. W. 803, where defendant, sued as a corporation, filed a plea in abatement, stating that it was a partnership doing business under the designation by which it had been sued, the action of the lower court in dismissing the action was held error and plaintiffs were accorded the right to file an amended petition withdrawing the averment that defendant was a corporation and making the firm members defendants.

A good statement of the rule applicable to the facts of this case is found in Porter, etc., v. Cresson, et al., 10 Sergeant & Rawle (Penn.) 857, from which we take the following excerpt:

"The distinction as to proper parties between plaintiffs and defendants, the former being pleas in bar, the latter in abatement, had no principle for its foundation, and time and good sense will finally prevail, and require equally in both cases that defendant should take advantage of it by plea in abatement. It is more convenient to all parties, that advantage should be taken of it in *lemine,* by plea in abatement, and that parties should, after issue joined, proceed on the merits, than that a defendant should, on the trial, be allowed to defeat a plaintiff on a mere matter of form. The subject is very fully considered by Sergt. Williams, in his very comprehensive note to Cabbell v. Vaughan, 1 Saund. 291. From the time of the year books to this time, *misnomer,* might be pleaded in abatement, when the plaintiff *misnames* himself, 22 E. 3 C. 34, and we ought not to be more strict than in the days of the year books, and in Brooks, *Misnomer,* 73, it is said that in an action by a corporation or a natural body, *misnomer* of one or the other goes only to the writ. But if there was no such company as 'Cresson, Wistar & Co., then there could be no person *in rerum natura* to maintain the action; that would be in bar, for there could be no one to maintain the action by any name. Here

there was a company, such a one as is described in the bill, to whom the defendants bound themselves by the name of trade. This cannot be stronger than a plaintiff *misnaming* himself, and according to the ancient and modern doctrine, it is a plea in abatement, where there is a mistake in the name or description of any existing party having a right to sue, and if this can be pleaded in abatement, it ought not to be received in bar."

Plaintiff on the same day in which the mistake in its name was made to appear having tendered an amended pleading alleging the facts as hereinabove stated, the court in furtherance of justice should have permitted the filing of this pleading, and because of the failure so to do the judgment must be and is reversed for further proceedings not inconsistent herewith.