## Red Ash Straight Creek, Inc. v. De Rossett, et al.

(Decided February 15, 1927.)

### Appeal from Bell Circuit Court.

1. Master and Servant—Findings of Compensation Board on Evidence are Conclusive.—Where there is any evidence to support findings of compensation board, award of such board may not be reversed.
2. Master and Servant—Compensation Award Against Employer as "Company" Instead of "Incorporated" Held Enforceable (Civil Code of Practice, Sections 134, 518).—Award of compensation against employer as a "company" when it was "incorporated" will not be disturbed, in view of Civil Code of Practice, sections 134, 518, where employer appeared before compensation board through its attorney and made defense and prosecuted an appeal from award to judgment.

A. G. PATTERSON for appellant.

JAMES S. GOLDEN for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

Luther De Rossett, according to the contention of appellee, was killed on the 18th day of February, 1925, while working in appellant's mine. Notice of the accident was given to the Red Ash Straight Creek Coal Company, and thereafter a hearing was had before the Workmen's Compensation Board on June 6, 1925. At that hearing the attorney for appellant appeared and cross-examined the witnesses and introduced one or more witnesses in behalf of appellant. At the conclusion of the hearing the Workmen's Compensation Board made its award through R. T. Kinnard, one of its members, and awarded compensation to Delia De Rossett at the rate of $11.15 per week for 335 weeks and $75.00 for burial expenses. The appellant, using the name of Red Ash Straight Creek Coal Company, filed a petition and motion

for review, and this motion was sustained and a full board review of the award granted. The full board affirmed the award previously made. Thereafter appellant, under its proper name, Red Ash Straight Creek Incorporated filed its petition on appeal in the Bell circuit court, and upon hearing the findings of the Workmen's Compensation Board were affirmed.

The evidence discloses that Luther De Rossett was employed by appellant at the time of his death and that his duties were coupling after the motor. As the motor was going into the mine De Rossett either came in contact with a live electric wire or in some way struck his head against the roof of the mine. From a consideration of the evidence there is little doubt that he was killed as the result of an accident. The findings of the Workmen's Compensation Board were in accordance with the preponderance of the evidence, and where there is any evidence to support the findings neither the circuit court nor any other court is authorized to reverse the award made. The findings of facts are conclusive unless there is no evidence to support the findings.

The record before us discloses that the appellant in this proceeding, that is, the Red Ash Straight Creek, Incorporated, was designated in the proceedings before the Workmen's Compensation Board as the Red Ash Straigh Creek Coal Company. There can be no doubt, however, that it was appellant for whom De Rossett was working at the time he was killed. It appeared before the Workmen's Compensation Board through its attorney and made defense. It later filed its petition in the Bell circuit court and prosecuted its appeal to judgment. It now attempts to raise the question that the award made by the Workmen's Compensation Board was against the Red Ash Straight Creek Coal Company and therefore appellant is not responsible. The appellant refused to pay the compensation pending the appeal, although the court had entered a judgment directing that such payment be made. Appellee caused an execution to issue and placed it in the hands of the sheriff of Bell county, and appellant obtained a temporary injunction preventing the sheriff from levying the execution. A motion was made before Judge W. H. Rees of this court to dissolve the injunction, and the ground relied upon in support of the injunction appears to have been that there was no judgment against appellant and the award did not

apply to it. Judge Rees, in dissolving the injunction, reached the conclusion that there was no error or defect in the proceedings which affected apppellant's substantial rights and that under all the facts and circumstances the appellant was not prejudiced because the award was made against the Red Ash Straight Creek Coal Company when it should have been made against the Red Ash Straight Creek, Incorporated. Judge Rees was correct in his conclusions as is shown by the following authorities: Sections 134, 518 of the Civil Code; Strange v. Price, 191 Ky. 734, 231 S. W. 532; Imperial Jellico Coal Company v. Neff, 166 Ky. 722, 179 S. W. 829; Wilhite v. Convent of Good Shepherd, 117 Ky. 251, 78 S. W. 138; L. & N. R. R. Co. v. Hall, 75 Ky. 131.

The judgment is affirmed.