DE WITT v. ABRAHAM BROS. HORSE & MULE CO.

(Supreme Court, Appellate Division, First Department.    December 30, 1915.)

Parties ☞95—Amendment—Misnomer.

Under Code Civ. Proc. § 723, providing that the court may, at any stage of an action, in furtherance of justice, amend any process or pleading by correcting a mistake in the name of a party, where plaintiff sued the A. Bros. Horse & Mule Company, which was in fact a copartnership, under that name, and a member of the firm was duly served and appeared generally, his affidavit stating that he was a member of the firm, the name of which was the A. Bros. Horse & Mule Company, and that the other members of the partnership were H. A. and A. A., denial of plaintiff's motion for leave to amend the summons and complaint by alleging in full the names of all the copartners comprising the defendant firm was erroneous.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 160–166; Dec. Dig. ☞95.]

Appeal from Special Term, New York County.

Action by Edward F. De Witt against the Abraham Bros. Horse & Mule Company. From an order denying his motion for leave to amend the summons and complaint by alleging in full the names of all the partners comprising the defendant copartnership firm, plaintiff appeals. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, DOWLING, and SMITH, JJ.

Hayes & Kerngood, of New York City (George B. Hayes, of New York City, of counsel), for appellant.

Adolph B. Rosenfield, of New York City (Mayer L. Halff, of New York City, of counsel), for respondent.

CLARKE, J.   The action was brought to recover commissions due plaintiff as a broker.   His name is Edmund, instead of Edward, F.

De Witt. The motion was to correct the title of the action. The amendment as to plaintiff's name was granted. The defendant named in the summons was the Abraham Bros. Horse & Mule Company. The summons was duly served on the 15th of July, 1915, at 130 West Fifty-Eighth street in this city upon Edward Abraham. A notice of appearance on behalf of Edward Abraham was served. The plaintiff's affidavit sets forth:

"That since the institution of this action deponent has learned that the defendant is a copartnership consisting of Edward Abraham, the party served, and Henry Abraham and Albert Abraham, all of whom are nonresidents of the state of New York, residing at Montgomery, Ala. That deponent bases his statement with reference to the defendant firm and the residence of the members thereof upon the affidavit of Edward Abraham, verified the 19th of July, 1915, and filed in the office of the clerk of this court. That deponent is entitled to his commissions as broker, and same are due from Edward Abraham, Henry Abraham, and Albert Abraham, as copartners doing business under the firm name and style of Abraham Bros. Horse & Mule Company, and that it was deponent's intention when bringing this action to sue the persons composing the firm of Abraham Bros. Horse & Mule Company."

The motion was to amend so that the title should be:

"Edmund F. De Witt v. Edward Abraham, Henry Abraham, and Albert Abraham, Copartners Doing Business under the Firm Name and Style of Abraham Bros. Horse & Mule Company."

This part of the motion was denied. It is admitted that Edward Abraham was duly served and that he appeared generally in this action by his attorney. His affidavit stated that he was served with the summons, that he is a member of a copartnership domiciled at Montgomery, Ala., the firm name of which copartnership is Abraham Bros. Horse & Mule Company; that the other members of said copartnership are Henry Abraham and Albert Abraham; that there is, so far as deponent knows, no corporation the corporate name of which is Abraham Bros. Horse & Mule Company.

I think this order is wrong and should be reversed. Section 723 of the Code of Civil Procedure provides that:

"The court may, upon the trial, or at any other stage of the action, before or after judgment, in furtherance of justice, and on such terms as it deems just, amend any process, pleading or other proceeding, by adding or striking out the name of a person as a party, or by correcting a mistake in the name of a party or a mistake in any other respect. * * * "

These people chose to do business under a name which was deceptive. It certainly suggested a corporation, and not a copartnership. In Evoy v. Expressmen's Aid Society, 66 Hun, 636, 21 N. Y. Supp. 641,[1] the defendant was sued as a foreign corporation, and the answer alleges the defendant to be a voluntary association. Thereafter plaintiff moved to substitute in place of "Expressmen's Aid Society" the names of the persons constituting this voluntary association. The court said:

"There is no doubt but that the plaintiff intended to sue the company doing business under the name of the 'Expressmen's Aid Society.' She made a mistake in the name of the parties conducting the business in the name of

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 66 Hun, 636.

that company. The person served was a member of the voluntary association. The action appears, therefore, to have been brought against the right body of persons, but under the wrong name, and hence it was eminently proper for the court to make the amendment asked for in the notice of motion. There is no such corporation as the 'Expressmen's Aid Society,' but there is a body of men doing business under that name, one of whom, it was shown, was served with the original process in the action against the Expressmen's Aid Society."

In that case the plaintiff had alleged in the complaint that defendant was a foreign corporation. Here only a summons was served.

In Bannerman v. Quackenbusch, 11 Daly, 529, where a father and son were in business under the firm name composed of the father's name with "& Son" added, and against which an action was brought as such copartnership, and their firm name only mentioned as the defendant in the title of the action, the court held that the plaintiff might properly be allowed to amend the title by striking out the words "& Son" and inserting in lieu thereof the name of the son, thus deciding that, though sued in the name of the partnership, the names of the parties can thereafter be substituted.

In the case of Munzinger v. Courier, reported in 82 Hun, 575, 31 N. Y. Supp. 737, and cited with approval in Boyd v. U. S. Mort. & T. Co., 187 N. Y. 262, 79 N. E. 999, 9 L. R. A. (N. S.) 399, 116 Am. St. Rep. 599, 10 Ann. Cas. 146, the action was originally brought against "the Courier Company." The complaint alleged that the defendant Courier Company was a domestic corporation and that it was the proprietor of a certain newspaper. The defendant admitted that the Courier Company was such proprietor, but denied it is and ever was a domestic corporation; the answer being verified by George Bleistein, who stated that he was the president of said Courier Company. Thereupon the plaintiff moved to amend his summons by making the title of the defendant "George Bleistein, as President of the Courier Company," and by changing the allegations that the defendant was a corporation to one that it was an unincorporated association. The lower court denied the motion, but the General Term reversed the order and allowed said amendment, saying:

"That the court has the power to allow such an amendment under section 723 of the Code, in furtherance of justice, has been many times held, and yet such an amendment is nothing more than the plaintiff here asks; that is, to bring in a party doing business under a name equally suited to either a corporation or an unincorporated association, and which he finds, upon the party appearing in court, has been incorrectly described or misnamed, but which he still wishes to retain in court, after amending the process and pleading so as to properly designate the defendant. In other words, there is no change of party, the same individual being still before the court; but, having misnamed him, it is proposed to correct such misnomer, which we think the court, in a proper case, has the right to permit. The error into which the plaintiff fell was a natural one, and his failure to properly describe the defendant is satisfactorily explained."

So here the error was natural. A member of the firm was served, and the amendment it seems to me comes precisely within the purview of the statute. In the Boyd Case, supra, the Court of Appeals said:

"The power of the court to permit an amendment of the summons and complaint, so as to show that the defendant is sued individually, instead

of being sued in a representative capacity, is hardly open to serious question. * * * The amendment, * * * by omitting therefrom 'as trustee' after the name of the United States Mortgage & Trust Company, was either 'striking out the name of a person as a party' or 'correcting a mistake in the name of a party,' and whichever it may have been it was an amendment clearly within the power of the court to allow."

All the cases were examined by Mr. Justice Laughlin in Ward v. Terry & Tench Construction Co., 118 App. Div. 80, 102 N. Y. Supp. 1066, and an amendment was allowed, even where there was a misnomer of a corporation.

No question of the statute of limitations is here presented.

Since the adoption of the Code provisions referred to the courts of this state have exhibited little sympathy with such purely technical objections as are raised herein, but in furtherance of justice have liberally construed the power to amend.

So much of the order as is appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. Order filed. All concur.