CLINTON B. CLEVENGER, ADMINISTRATOR OF ESTATE OF HELEN IRENE CLEVENGER, v. JAMES H. GROVER AND ST. LOUIS UNION TRUST COMPANY, TRUSTEE UNDER THE WILL OF E. W. GROVE, DECEASED; KNOTT HOTEL COMPANY, A CORPORATION, AND P. H. BRANCH.

(Filed 22 September, 1937.)

**1. Pleadings § 22—**

The trial court has broad power to allow amendments to pleadings and process, C. S., 547, but such power does not extend to amendments which substantially change the cause of action.

**2. Same—Amendment of process and pleading by inserting correct name of defendant held properly allowed under facts of this case.**

The findings of fact of the trial court, fully supported by affidavits and pleadings filed, and to which findings no exception was taken, were that summons and complaint were served on "Knott Hotel Company" by service on P. H. Branch, that said corporation was not engaged in business in North Carolina, that it clearly appeared from the complaint that plaintiff was seeking recovery against the corporation engaged in the management of a certain hotel in Asheville, N. C., that such corporation was the "Knott Management Corporation," and that P. H. Branch was its managing agent at the time of service of process, and that the process and pleading were sufficient to advise the Knott Management Corporation that it was the corporation sued and intended to be sued, and that the Knott Management Corporation was not misled or prejudiced by the mistake in its corporate name. Upon such findings the court allowed plaintiff to amend by substituting the name of the "Knott Management Corporation" for "Knott Hotel Company," and granted the substituted defendant time for filing answer. *Held:* The trial court properly allowed the amendment in the exercise of its judicial power and discretion, C. S., 547.

APPEAL by Knott Management Corporation from an order entered by *Clement, J.,* at July Term, 1937, of BUNCOMBE. Affirmed.

*Weaver & Miller, Brooks, McLendon & Holderness, and Jones & Ward for plaintiff, appellee.*

*Adams & Adams and Junius M. Horner, Jr., for defendant, appellant.*

DEVIN, J. This case was here at Spring Term, 1937, on appeal from an order of the Superior Court denying the petition of defendants Grover and the St. Louis Union Trust Company for the removal of the cause to the United States District Court, and is reported in 211 N. C., 240, where the material allegations of the complaint are stated.

The case comes now upon appeal by the Knott Management Corporation from an order of the Superior Court amending summons and complaint by substituting the name Knott Management Corporation for that of the Knott Hotel Company as a party defendant.

The action, instituted 16 October, 1936, is for wrongful death of plaintiff's intestate on 16 July, 1936, alleged to have been caused by the negligence of those responsible for the management of the Battery Park Hotel in Asheville, North Carolina. The original summons and complaint named as one of the defendants the Knott Hotel Company, and were duly served on P. H. Branch as agent of the Knott Hotel Company, Incorporated.

The court below found the following facts:

"1. That in the process and pleadings in this cause the corporate name Knott Hotel Company was erroneously used.

"2. That the Knott Hotel Company is a New York corporation, but if it does business in this State it had nothing whatsoever to do with the Battery Park Hotel; that P. H. Branch was, and is, not an officer, agent, or employee of said Knott Hotel Company, and said Knott Hotel Company was not the corporation sued, or intended to be sued, in this cause of action, and said corporation has been dismissed from the action by order signed July 22, 1937.

"3. That the corporation intended to be sued was the corporation managing and in charge of the operation of the said Battery Park Hotel, which the court finds was the Knott Management Corporation.

"4. That service of process was had on said Knott Management Corporation by service on its local managing agent, P. H. Branch, and said corporation was so identified in the summons and copy of the complaint attached served upon said corporation so as to fairly advise it that it was the party sued, and intended to be sued, and that said corporation was in nowise misled or prejudiced by the mistake in its corporate name."

Thereupon, the court made the following order: "Now, therefore, in the discretion vested in this court by the laws and statutes of this State, it is hereby ordered and adjudged that the process and pleadings in this cause be and they are hereby amended by striking out the words, 'Knott Hotel Company,' wherever they may appear, and inserting the words, 'Knott Management Corporation.'"

The Knott Management Corporation was allowed thirty days within which to answer. The order was dated 23 July, 1937.

The single question presented by this appeal is whether the Superior Court has the power, in its discretion, to permit an amendment of the summons and complaint by substituting the name of the appellant, Knott Management Corporation, for that of the Knott Hotel Company, under the facts found by the trial judge. There was no exception to any particular finding of fact set out in the order. The facts were not controverted. The appellant's assignments of error are to the court's making findings of fact and entering the order complained of, based thereon.

Section 547 of the Consolidated Statutes authorizes the courts to pursue a liberal policy of amendments in the interest of justice and for the prompt determination of causes on their merits, and makes the following provisions: "The judge or court may, before and after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out the name of any party; by correcting a mistake in the name of a party, or a mistake in any other respect; by inserting other allegations material to the case; or when the amendment does not change substantially

the claim or defense, by conforming the pleading or proceeding to the fact proved. When a proceeding taken by a party fails to conform to law in any respect, the trial judge may permit an amendment of the proceeding so as to make it conformable thereto."

It was said in *Rushing v. Ashcraft*, 211 N. C., 627: "The power of the court to amend process and pleading, both by statute and under the decisions of this Court, is ample." Indeed, to *Chief Justice Pearson* it seemed that the statute allowed amendments on a scale so liberal that he thought it might be well said, "Anything may be amended at any time." *Garrett v. Trotter*, 65 N. C., 430; *Hicks v. Nivens*, 210 N. C., 44.

In *Gordon v. Gas Co.*, 178 N. C., 435, the summons, complaint, and default judgment showed the name of the defendant as the Pintsch Gas Company. More than a year after judgment plaintiff made a motion to amend the process, pleading, and judgment so as to correctly name the defendant as the Pintsch Compressing Company. The amendment was allowed in the discretion of the court, and upon appeal the order was affirmed by this Court. There the findings of fact established, among other things, that the Pintsch Compressing Company was the party charged with committing the tort sued on; that the general manager of that corporation was served with summons; that the Compressing Company had notice of the suit and employed counsel, and that it suffered no prejudices by reason of the misnomer. The opinion of the Court in that case, written by *Chief Justice Clark*, further declared that defendant had "waived any objection by not giving its true name by plea in abatement." The dissenting opinions in that case by *Justices Walker* and *Allen* were not addressed to the point of the power of the court to permit the amendment, but to the denial of defendant's right to answer.

In *Dunn v. Aid Society*, 151 N. C., 133, where the defendant was styled in the summons as "The Knights of Gideon Mutual Aid Society," whereas the true name was "The Supreme Lodge Knights of Gideon Mutual Society," it was held that the correct name being given, the summons and pleadings would be amended to conform.

In *Fountain v. Pitt County*, 171 N. C., 113, the summons was issued against "The Board of Commissioners of the County of Pitt." Amendment was allowed substituting "County of Pitt" as defendant. There the Court said: "The object of our present system of procedure is to try cases on their merits, regardless of those technicalities which do not promote but defeat justice, at the same time preserving the substantial rights of the parties."

The broad powers of amendment, in the furtherance of justice, conferred upon the courts by the statutes regulating our system of procedure, have been sustained in numerous decisions of this Court. *Reynolds v. Smathers*, 87 N. C., 24; *Campbell v. Power Co.*, 166 N. C.,

488; *Lefler v. Lane,* 170 N. C., 181; *McLaughlin v. R. R.,* 174 N. C., 182; *Barnhardt v. Drug Co.,* 180 N. C., 436; *Hill v. R. R.,* 195 N. C., 605; *Gibbs v. Mills,* 198 N. C., 417; McIntosh Prac. & Proc., p. 512.

However, the liberal policy of permitting amendments to process and pleadings will not be extended to include those which substantially change the cause of action, as was pointed out in *Jones v. Vanstory,* 200 N. C., 582. In that case, where certain individuals were sued as trustees and it was sought to amend the process to make the corporation a party, it was said, quoting from *Hester v. Mullen,* 107 N. C., 724: "Only such amendments as to parties or the cause of the action may be made as its nature and scope warranted. Amendments in this respect must be such, and only such, as are necessary to promote the completion of the action begun."

In *Plemmons v. Improvement Co.,* 108 N. C., 615, the summons commanded the sheriff to summon "A. H. Bronson, president of the Southern Improvement Company," and was served on A. H. Bronson individually. It was held that while the summons might have been amended, it would not bring in the corporation without service on it. To the same effect is the holding in *Bray v. Creekmore,* 109 N. C., 49.

In the instant case the findings of Judge Clement are fully supported by the affidavits and pleadings filed. From these it is made to appear that while there is a New York corporation styled the Knott Hotel Company, there is no evidence it was engaged in business in North Carolina, and it is admitted it had no connection with the Battery Park Hotel in Asheville, North Carolina. On the other hand, it appears that the Knott Management Corporation, a New York corporation, was the corporation engaged in the management and operation of said hotel, and that P. H. Branch, the agent on whom the process was served, was its managing agent in charge of its business at the time of the tort complained of and at the time of the institution of this action; that the summons and complaint were served on P. H. Branch, the agent of the Knott Management Corporation, and that the purpose and scope of the action were therein fully set forth, and that the process and pleadings were sufficient to advise the Knott Management Corporation that it was the corporation sued and intended to be sued, and that the manifest purpose of the action was to sue those who as owners, proprietors, and managers were concerned with or responsible for the wrongful death of plaintiff's intestate while a guest in said hotel. The court further found that appellant was not misled or prejudiced by the mistake in its corporate name.

A correct analysis of the determinative facts involved, in view of the provisions of the statute and the authoritative decisions of this Court, leads us to the conclusion that the ruling of the learned judge in allowing

the amendment of the summons and complaint so as to substitute the name of the Knott Management Corporation for that of the Knott Hotel Company as a party defendant was made in the proper exercise of his judicial power and discretion, and that his order must be

Affirmed.