TOWN OF WENDELL v. F. H. SCARBORO AND WIFE, MRS. F. H. SCARBORO; E. T. SCARBORO AND WIFE, MRS. E. T. SCARBORO; AND THE RENFRO-WHITLEY TOBACCO COMPANY, INC.

(Filed 4 May, 1938.)

**Limitation of Actions § 11: Taxation § 40c—Amendment making true owner defendant is not continuation of original suit to foreclose tax certificate.**

Action by plaintiff municipality to foreclose certain tax sale certificates was instituted against the owners named in the certificates within the time limited (C. S., 8037; Public Laws of 1929, ch. 204). It appeared that the owner named in the certificates had lost title by foreclosure several years prior to the institution of the action and had died; the purchaser at the foreclosure sale was made a party defendant by amendment over six months after the expiration of the time limited. *Held:* The amendment cannot effect continuity with the original action, and judgment dismissing action was proper.

SEAWELL, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Cowper, Special Judge,* at February Term, 1938, of WAKE. Affirmed.

This was an action to foreclose certain tax sale certificates, heard upon agreed statement of facts. From judgment dismissing the action, plaintiff appealed.

*W. H. Rhodes for plaintiff.*
*Arch T. Allen, Philip R. Whitley, and Thomas A. Banks for defendants.*

PER CURIAM. Plaintiff instituted action to foreclose five tax sale certificates issued prior to 6 September, 1926, for taxes on described real property in Wendell for the years 1921 to 1925, inclusive. The property had been listed in the name of F. H. Scarboro, the then owner. However, title to said property had vested in E. T. Scarboro (not a member of the same family), 8 July, 1925, by deed from the trustee following foreclosure sale under the power contained in a deed of trust executed by F. H. Scarboro and wife. Since 1925 E. T. Scarboro has listed and paid the taxes on the property.

F. H. Scarboro died in 1928 leaving him surviving five children and his widow. She and another qualified as administrators of his estate. On 22 November, 1929, summons in this action, on the tax sale certificates, was issued, naming F. H. Scarboro and wife as the parties defendant, and served on Mrs. F. H. Scarboro. On 9 June, 1930, E. T. Scarboro, by order, was made party defendant and summons and amended complaint served on him. He filed answer, pleading, among other defenses, the several statutes of limitation. Under the statute the plaintiff had until 1 December, 1929, to bring its action. A few days prior to that dead line this action was begun, but only F. H. Scarboro and wife were named defendants. At that time F. H. Scarboro had been dead more than a year and his widow had no interest in the property. Thereafter, in June, 1930, the plaintiff could not by making E. T. Scarboro a party defendant effect continuity with the original action against a deceased person so as to prevent the bar of the statute of limitations as to this answering defendant and his grantee. C. S., 8037; Public Laws 1929, ch. 204; *Hogsed v. Pearlman, ante,* 240; *Orange County v. Atkinson,* 207 N. C., 593, 178 S. E., 91; *Beaufort County v. Mayo,* 207 N. C., 211, 176 S. E., 753.

The ruling of the court below was correct, and the judgment dismissing the action is

Affirmed.

SEAWELL, J., took no part in the consideration or decision of this case.