### BLUE RIDGE ELECTRIC MEMBERSHIP CORPORATION v. GRANNIS BROTHERS, INC., AND GRANNIS BROTHERS, FIRM COMPOSED OF C. K. GRANNIS, K. SLOAN AND MARY G. McCLOUD.

(Filed 19 April, 1950.)

**1. Process § 14—**

Process may be amended to correct a mere misnomer, in which instance it is not considered a substitution of new parties, but a correction of the description of the party actually served.

**2. Same—**

As a general rule, where a partnership has been designated in the process as a corporation, and a member of the firm has been served with summons, the members of the partnership may be substituted by amending the process and allowing the pleadings to be amended, but this rule is not applicable when the corporation as designated is not the firm name of the partnership.

**3. Process § 5a—**

   Service on an individual as an officer of a nonexistent corporation is not service on the individual as a partner of a firm trading under a name materially different from the designated corporate name, there being no motion to amend the process.

**4. Appearance § 2b—**

   A general appearance made on behalf of a purported corporation is not a general appearance made on behalf of a partnership with a materially different firm name, none of whose members was a party to the action and against whom no cause of action is stated.

**5. Limitation of Actions § 11—**

   The institution of an action against a purported corporation will not stop the running of the statute of limitations in favor of a partnership until the process is amended or the members of the partnership are otherwise brought in and made parties.

APPEAL by C. K. Grannis, K. Sloan and Mary G. McCloud, trading as E. W. Grannis Company, from *Bennett, Special Judge,* at October Term, 1949, of CALDWELL.

The plaintiff caused a summons to be issued on 11 December, 1948, naming Grannis Bros., Inc., as the defendant therein. This summons was not served within the required time and an *alias* summons was issued on 11 January, 1949. The original summons and the *alias* directed the sheriff or other lawful officer of Cumberland County to summons "C. K. Grannis and K. Sloan Grannis, officers of defendant corporation." Both the original and *alias* summons, together with a copy of the complaint, were served on C. K. Grannis 17 January, 1949. There is no such person as K. Sloan Grannis.

The complaint set forth a cause of action for damages against the purported defendant corporation.

At the January Term, 1949, of the Superior Court of Caldwell County, the following order was entered:

"This cause coming on to be heard before the undersigned, George B. Patton, Judge Presiding, upon motion of the defendant in the above entitled case for an extension of time to file Answer or other pleadings, without prejudice, in the above case; it appearing to the Court that this action was filed December 11, 1948, and that no summons has been returned in said action and it is therefore unknown whether service has been had upon the defendant corporation; it further appearing that no *alias* summons has been returned in said case;

"It Is, Therefore, Considered and Ordered by the Court that the defendant is allowed 30 days from the adjournment of this Court or 30 days from service of summons and Complaint in said action as by law

provided whichever period of time is the longest. It being the effect of this Order to give the defendant not less than 30 days from the adjournment of this Court in any event to file Answer or other pleadings as it may be advised.

"GEORGE B. PATTON, Judge Presiding."

Thereafter, on 19 February, 1949, C. K. Grannis, K. Sloan and Mary S. McCloud, trading as E. W. Grannis Company, through their counsel, entered a special appearance in this cause and moved to dismiss the action on the following grounds:

"1. The title of said cause of action runs as follows: Blue Ridge Electric Membership Corporation *v.* Grannis Brothers, Inc., the summons in said cause of action runs as follows: C. K. Grannis and K. Sloan Grannis, officers of defendant corporation.

"2. There is no such entity as Grannis Brothers, Inc., there being no such corporation in the State of North Carolina.

"3. E. W. Grannis Company is a partnership composed of C. K. Grannis, K. Sloan and Mary G. McCloud.

"4. The summons as served on C. K. Grannis, as an officer of Grannis Brothers, Inc., does not bring the partnership as above named into Court, and therefore the Court has no jurisdiction over the said partnership."

The court below held C. K. Grannis has been duly served and that the use of the words "officers of defendant corporation" in the summons, amounted in law to surplusage, and that the general appearance entered on behalf of the purported corporation made the defendants amenable to the judgment of the court.

Whereupon the court denied the motion to dismiss the action, and allowed the plaintiff 30 days to file a complaint "making C. K. Grannis, K. Sloan and Mary G. McCloud, partners, 'trading and doing business as E. W. Grannis Co.' parties defendant individually without service of summons upon the said K. Sloan and Mary S. McCloud," and allowed the defendants 30 days from the filing of the amended complaint to answer.

The individuals composing the partnership of E. W. Grannis Co. appeal, assigning error.

*Max C. Wilson and Hal B. Adams for plaintiff.*
*Folger L. Townsend and Fate J. Beal for defendants.*

DENNY, J. It is conceded that there is no such corporation in existence as Grannis Bros., Inc. Therefore, the real question posed is whether service on C. K. Grannis, described in the summons as an officer of the

nonexistent corporation, is service on him as a member of the partnership of E. W. Grannis Co.

We have carefully considered the case of *Plemmons v. Improvement Company,* 108 N.C. 614, 13 S.E. 188, where the action was instituted against the Southern Improvement Company and the officer was directed to serve, and did serve, the summons on "A. H. Bronson, President of the Southern Improvement Company." There, as here, no cause of action was stated against the individual served with summons. The Court held it was legally a summons and service upon A. H. Bronson individually; that the words "President of the Southern Improvement Company" were mere surplusage. The Court further held that such service was not service on the defendant corporation, and sustained an order in which the lower court declined to make the corporation a party by amendment, but said the corporation must come in voluntarily or be served with process. However, there is nothing in the opinion to indicate that mere service of summons on A. H. Bronson entitled the plaintiff to any relief against him.

As a general rule courts are more reluctant to permit an amendment to process or pleadings to change the description of a party from an individual or partnership to a corporation, than they are to change the description of a party as a corporation to an individual or partnership. The reason for this is due to the prescribed statutory method of serving process on corporations. *Plemmons v. Southern Improvement Co., supra; Hatch v. R. R.,* 183 N.C. 617, 112 S.E. 529; *Jones v. Vanstory,* 200 N.C. 582, 157 S.E. 867; *Hogsed v. Pearlman;* 213 N.C. 240, 195 S.E. 789.

Under the comprehensive power to amend process and pleadings, where the proper party is before the court, although under a wrong name, an amendment will be allowed to cure the misnomer. *Lane v. Seaboard and Roanoke R. R. Co.,* 50 N.C. 25; *Fountain v. Pitt County,* 171 N.C. 113, 87 S.E. 990; *Chancey v. Norfolk & W. R. R. Co.,* 171 N.C. 756, 88 S.E. 346; *Drainage District v. Cabarrus County,* 174 N.C. 738, 94 S.E. 530; *Gordon v. Gas Co.,* 178 N.C. 435, 100 S.E. 878; *Chowan County v. Commr. of Banks,* 202 N.C. 672, 163 S.E. 808; *Clevenger v. Grover,* 212 N.C. 13, 193 S.E. 12, 124 A.L.R. 82; *Lee v. Hoff,* 221 N.C. 233, 19 S.E. 2d 858; *Propst v. Trucking Co.,* 223 N.C. 490, 27 S.E. 2d 152; 39 Am. Jur., Parties, Sec. 125.

It seems to be the general rule that where individuals are doing business as partners under a firm name and such firm is described or designated in an action, as a corporation, and the process is served on a member of the partnership, the members of the partnership may be substituted by amending the process and allowing the pleadings to be amended. *Key v. Goodall B. & Co.,* 7 Ala. App. 227, 60 So. 986; *Craig v. San Fernando*

*Furniture Co.,* 89 Cal. App. 167, 264 P. 784; *World F. & M. Ins. Co. v. Alliance Sandblasting Co.,* 105 Conn. 640, 136 A. 681; *C. H. Perkins Co. v. Shewmake & Murphy,* 119 Ga. 617, 46 S.E. 832; *Farmers' & M. Bank v. Bank of Glen Elder,* 46 Kan. 376, 26 P. 680; *Strange v. Price,* 191 Ky. 734, 231 S.W. 532; *DeWitt v. Abraham Bros. Horse & Mule Co.,* 170 App. Div. 610, 156 N.Y.S. 658; *Goldstein v. Peter Fox Sons Co.,* 22 N.D. 636, 135 N.W. 180, 40 L.R.A. (N.S.) 566; *McGinnis v. Valvaline Oil Works,* 251 Pa. 407, 96 A. 1038. For additional authorities, see 121 A.L.R. Anno. 1335, *et seq.*

We do not think, however, the plaintiff in this case is in position to invoke the general rule, since the appellants were not sued as a corporation under their firm name. The nonexistent corporation was described as "Grannis Bros., Inc.," while these appellants at all times referred to in the complaint, have traded under the firm name of "E. W. Grannis Co."

Consequently, in our opinion, the plaintiff is not entitled to have the partnership substituted as the defendant in lieu of the corporation under the theory or doctrine of misnomer. Substitution in the case of a misnomer, is not considered substitution of new parties, but a correction in the description of the party or parties actually served. However, according to the record, the plaintiff has never moved to amend the process so as to make these appellants parties to the action by substitution or otherwise.

It will be noted that when the appellants entered a special appearance and moved to dismiss the action for lack of service on them, the court denied the motion and held that by reason of the general appearance made as hereinbefore set out, the defendants are in court and amenable to its judgment.

We do not think the general appearance made on behalf of the purported corporation can be construed as a general appearance on behalf of a partnership, none of whose members was a party to the action, and against whom no cause of action was or has been stated.

Moreover, the court did not amend the process and direct that the appellants be substituted as defendants in lieu of the nonexistent corporation, or that C. K. Grannis be made a party defendant. The court merely ordered that the plaintiff be allowed 30 days from the rising of the court to amend its pleadings, making the appellants parties defendant, without additional service of summons upon K. Sloan and Mary S. McCloud.

It is apparent from the record and briefs filed herein that unless the plaintiff can hold these appellants as parties by reason of the service of the *alias* summons on C. K. Grannis, or by reason of the general appearance made by some undisclosed party in behalf of the purported but non-

existent corporation named as defendant, the plaintiff's claim was barred by the three year statute of limitations more three months prior to the hearing below.

It is said in 54 C.J.S., Limitations of Actions, 317: "For limitation purposes, an amendment substituting a new defendant is regarded as the commencement of a new action or proceeding against such defendant, and does not relate back to the commencement of the original action, where a new cause of action is set up by the amendment, or the original defendant was dead or otherwise nonexistent at the time of the attempted commencement of the action and therefore no action was commenced against anyone prior to the amendment, or the suit has abated as to the original sole defendant, or the case is one of a mistake as to the identity, rather than a misnomer, of the person liable."

It is conceded that the designated defendant at the time the action was instituted, and the pleadings were filed, was and still is nonexistent. In such an instance the statute of limitations will not cease to run until the process is amended or proper parties are brought in and made defendants. No attempt on the part of the plaintiff, in so far as the record discloses, has been made to amend the original process or to make the appellants parties defendant, although the correct firm name and the names of the members thereof, were disclosed to the court on 19 February, 1949. Apparently the plaintiff has relied altogether on the general appearance set forth herein and the service of the *alias* summons on C. K. Grannis, to sustain the cause of action against these appellants. The appellants entered a special appearance on 19 February, 1949, and moved to dismiss the action for want of jurisdiction. The motion was not heard until 11 October, 1949. In the meantime no motion was lodged by the plaintiffs to amend the process, or the pleadings, or to make C. K. Grannis, who had been served with summons, a party to the action. Hence, we think, upon the facts disclosed by the record, the motion to dismiss should have been granted. *Town of Wendell v. Scarboro,* 213 N.C. 540, 196 S.E. 818; *Stricklin v. Davis,* 196 N.C. 161, 144 S.E. 698; *Mellon v. Arkansas Land & Lumber Co.,* 275 U.S. 460, 72 L. Ed. 372; McIntosh's N. C. Practice & Procedure, Sec. 436; *New York State Monitor Milk Pan Asso. v. Romington Agri. Works,* 89 N.Y. 22, 25 Hun. 475; *Girardi v. Laquin Lumber Co.,* 232 Pa. 1, 81 A. 63; *Sawyer v. New York State Clothing Co.,* 58 Vt. 588, 2 A. 483; 121 A.L.R. Anno. 1333, *et seq.*

The ruling of the court below is reversed and the action is dismissed.

Reversed.