OF

# NORTH CAROLINA

AT

# RALEIGH

## SPRING TERM, 1951

RUTH CROOK BAILEY v. GEORGE A. McPHERSON T/A McPHERSON MOTOR LINES, AND M. H. WINKLER T/A M. H. WINKLER MANUFACTURING COMPANY.

(Filed 28 February, 1951.)

**1. Constitutional Law § 21—**

Notice and an opportunity to be heard are essential to due process of law.

**2. Process § 14: Pleadings § 22b—**

Under the broad discretionary powers of the trial court to permit amendment of process and pleading, the court may allow amendment to correct a misnomer or mistake in the name of a party provided the amendment does not amount to a substitution or entire change of parties. G.S. 1-163.

**3. Same—**

The sole proprietor of a business carried on in the trade name of "M. H. Winkler Manufacturing Company" was served with process in accordance with G.S. 1-105. The process ran in the name of "M. H. Winkler Manufacturing Company, Inc.," a nonexistent corporation, but the individual personally signed for the registered letter containing the summons and complaint so that he was advised that he was the party intended to be sued and was in nowise misled or prejudiced by the mistake in name. *Held:* The court acquired jurisdiction over the person of the individual without service of new process, and had discretionary power to permit an amendment to the process and pleading to correct the name of defendant.

231

**4. Process § 10—**

Where service of process on a nonresident motorist is had in strict accordance with the procedural requirements of G.S. 1-105, such process and pleading is subject to amendment in accordance with the general rules.

**5. Same: Constitutional Law § 21—**

Where summons and complaint sent by registered mail are signed for by an individual carrying on a business under a firm name, and the papers give him unmistakable notice that he was intended to be sued, although the process runs against a nonexistent corporation of the same name as the firm operated by him, *held:* the service in strict accord with G.S. 1-105 is sufficient to meet the requirements of due process of law.

**6. Appeal and Error § 6c (2)—**

A sole assignment of error to the rendering and signing of an order presents the single question whether the facts found are sufficient to support the order, and does not bring up for review the findings or the evidence upon which they are based.

**7. Appeal and Error § 14—**

The signing by the presiding judge of the appeal entries, fixing and settling the contents of the case on appeal, *eo instanti* removes the matters involved from the jurisdiction of the Superior Court and transfers jurisdiction to the Supreme Court pending appeal, and thereafter the Superior Court is *functus officio* and has no jurisdiction to consider a second motion involving the same matters, and an order upon such second motion is a nullity.

**8. Appeal and Error § 37—**

Where it is apparent on the record that the lower court was without jurisdiction to enter an order, the Supreme Court will declare it a nullity *ex mero motu.*

APPEAL by defendant M. H. Winkler, trading as M. H. Winkler Manufacturing Company, from *Clement, J.,* at the August Mixed Term, 1950, of DAVIDSON. Affirmed.

Civil action to recover damages for personal injuries alleged to have been caused by the concurrent negligence of the defendants George A. McPherson, trading as McPherson Motor Lines, and M. H. Winkler, trading as M. H. Winkler Manufacturing Company, when an automobile in which plaintiff was riding as a guest collided with a tractor-trailer being operated allegedly by both defendants on State Highway No. 49 in Davidson County, North Carolina. Other material facts are stated in the opinion.

The defendant M. H. Winkler, trading as M. H. Winkler Manufacturing Company, a nonresident of the State of North Carolina, entered a special appearance and moved to quash the summons on jurisdictional grounds. Whereupon the plaintiff moved to amend the summons and

complaint to correct the variance suggested in the defendant Winkler's motion.

From an interlocutory order denying the motion to quash the summons and allowing plaintiff's motion to amend, the defendant M. H. Winkler, trading as M. H. Winkler Manufacturing Company, excepted and appealed.

*Hubert E. Olive and Stoner & Wilson for plaintiff, appellee.*

*Smith, Wharton, Sapp & Moore for defendant George A. McPherson, trading as McPherson Motor Lines, appellee.*

*Don A. Walser for M. H. Winkler and M. H. Winkler, trading as M. H. Winkler Manufacturing Company, appellant.*

JOHNSON, J.   On or about 16 September, 1949, M. H. Winkler, trading as M. H. Winkler Manufacturing Company, of Baton Rouge, Louisiana, through his agent, Ray Williams, caused his Federal tractor to be attached to a Hobbs trailer, both owned by him, for the purpose of transporting bleachers to a customer in Norfolk, Virginia.   The next day, while traveling north and at a place on State Highway No. 49 in Davidson County, North Carolina, approximately twenty miles south of Asheboro, the tractor owned by the defendant Winkler became disabled.   The tractor and trailer were then parked in a farmyard.   Winkler's agent, Williams, called him over the 'phone and advised him of the breakdown. Williams was instructed by Winkler to contact the Federal tractor agent in Greensboro, who was John Robbins, and secure assistance so the journey could be continued.   As a result of arrangements cleared by 'phone between Williams and Robbins, the defendant George McPherson sent his Ford tractor, with his brother James McPherson driving, to the scene of the breakdown for the purpose of moving the trailer and bleachers on to Norfolk.   Williams and James McPherson together detached the trailer from the Federal tractor and attached the trailer to the Ford tractor owned by George McPherson.   After the attachment had been made, the tractor and trailer were backed into the highway and headed north, preparatory to going to Greensboro to pick up George McPherson and proceed on to Norfolk, with James McPherson then driving and Williams riding in the cab, when a car operated by plaintiff's husband collided with the trailer, resulting in injuries to the plaintiff which are the basis of this action.

The action was originally instituted against George McPherson, trading as McPherson Motor Lines, and M. H. Winkler Manufacturing Company, Inc.   McPherson was served with process by the Sheriff of Guilford County on 14 July, 1950, and thereafter filed answer to the complaint.

Summons dated 13 July, 1950, was issued against M. H. Winkler Manufacturing Company, Inc., Baton Rouge, Louisiana, and forwarded to the Sheriff of Wake County for service on L. C. Rosser, Commissioner of Motor Vehicles of North Carolina, process agent of the nonresident defendant under G.S. 1-105. The Sheriff's return indicates service as directed on the Commissioner of Motor Vehicles. The return receipt card filed with the plaintiff's compliance affidavit required by the statute, shows that copies of the summons and complaint, sent by registered mail, were signed for and received by "M. H. Winkler," in person, in Baton Rouge, Louisiana, "7-19-50." The record shows compliance with all other procedural requirements of the statute (G.S. 1-105) and that M. H. Winkler had actual notice of the pendency of the action.

On 8 August, 1950, M. H. Winkler, through counsel entered a special appearance and moved that the summons be quashed and that the attempted service thereof on M. H. Winkler Manufacturing Company, Inc., be set aside, for that there is no such corporation known as M. H. Winkler Manufacturing Company, Inc. It is alleged in the motion that Mose H. Winkler, a resident of East Baton Rouge, Louisiana, is the sole proprietor of the business operated under the trade name of M. H. Winkler Manufacturing Company.

On the disclosures made in the special appearance, the plaintiff filed motion to amend the summons and complaint to conform to the defendant's true name, M. H. Winkler, trading as M. H. Winkler Manufacturing Company.

M. H. Winkler's motion to quash and plaintiff's counter motion to amend came on for hearing and were heard together at the August, 1950, term of court before Judge Clement, who found facts and entered an order denying Winkler's motion to quash and allowing plaintiff's motion to amend, by directing that the process and pleadings be corrected by interlineation by "striking out the words 'M. H. Winkler Manufacturing Company, Inc.' wherever they may appear, and inserting the words 'M. H. Winkler, trading and doing business as M. H. Winkler Manufacturing Co.'" The defendant Winkler was allowed forty days within which to file answer.

It is manifest that the court below possessed plenary general powers to correct the mistake in the name of the defendant and allow the amendments granted below. The determinative question here presented is whether the court under the original summons acquired jurisdiction over the person of M. H. Winkler so that he may be held by the court without service of new process. Here, we are at grips with the constitutional guaranty of due process of law, the essence of which is notice and opportunity to be heard before trial and judgment. 42 Am. Jur., Process, section 4, p. 7.

G.S. 1-163 confers upon the trial court broad discretionary powers to allow amendments. The pertinent provisions of this statute are as follows: "The judge or court may . . . in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding, by adding or striking out the name of any party, by correcting a mistake in the name of a party or a mistake in any other respect . . .''

The broad discretionary powers of amendment conferred upon the courts by this statute have been sustained in numerous decisions of this Court. *Clevenger v. Grover,* 212 N.C. 13, 193 S.E. 12, and cases cited; *Propst v. Trucking Co.,* 223 N.C. 490, 27 S.E. 2d 152, and cases cited.

Ordinarily, an amendment of process and pleading may be allowed in the discretion of the court to correct a misnomer or mistake in the name of a party. *Propst v. Trucking Co., supra; Clevenger v. Grover, supra; Gordon v. Gas Co.,* 178 N.C. 435, 100 S.E. 878; *Fountain v. Pitt County,* 171 N.C. 113, 87 S.E. 990. But not so where the amendment amounts to a substitution or entire change of parties. *Hogsed v. Pearlman,* 213 N.C. 240, 195 S.E. 789; *Bray v. Creekmore,* 109 N.C. 49, 13 S.E. 723; *Plemmons v. Improvement Co.,* 108 N.C. 614, 13 S.E. 188; *Jones v. Vanstory,* 200 N.C. 582, 157 S.E. 867.

The general rule is stated in 42 Am. Jur., Process, section 21, p. 22, as follows: ". . . if the misnomer or misdescription does not leave in doubt the identity of the party intended to be sued, or, even where there is room for doubt as to identity, if service of process is made on the party intended to be sued, the misnomer or misdescription may be corrected by amendment at any stage of the suit."

In *Propst v. Trucking Co., supra,* this Court in a nonresident motorist case upheld the lower court in allowing an amendment conforming the summons and complaint to defendant's true name, "Hughes Transportation, Inc.," in place of "Hughes Trucking Company," without requiring the service of new process.

Similarly, in *Clevenger v. Grover, supra,* the lower court was sustained in changing, without the issuance of new process, the defendant's name from "Knott Hotel Company" to "Knott Management Company," it appearing that no exception was taken to the finding below "that the corporation intended to be sued was the corporation managing and in charge of the operation of the Battery Park Hotel," which the Court found was the Knott Management Corporation, it being further found that its managing agent, P. H. Branch, was served with process and fairly advised that the management corporation was the party intended to be sued.

In *Gordon v. Gas Co., supra,* this Court affirmed the order of the lower court in allowing an amendment, after judgment by default final, correcting and changing the name of the defendant from "Pintsch Gas

Company" to "Pintsch Compressing Company," it appearing that the original service was such as to have given the true defendant unmistakable notice that it was the entity intended to be sued.

In *Fountain v. Pitt County, supra,* the summons was against "The Board of County Commissioners of the County of Pitt." Service was made on the individual commissioners. They demurred on the ground that the action should have been against the County of Pitt in its corporate capacity, and not against the board of commissioners, since the complaint did not allege any personal liability of the commissioners. Judge Daniels overruled the demurrer and ordered that the County of Pitt be made a party. New summons issued against the County on 18 May, 1914. The defendant County demurred and set up the statute of limitations, alleging that more than three years had elapsed between the time of the accrual of the action and the date on which the new summons was issued against the County of Pitt. The defendant's plea of the statute of limitations was sustained in the lower court. On appeal, however, the ruling was held erroneous, on the ground that the amendment was properly allowed below as a correction in the name of the defendant, rather than as an entire change of parties, and that therefore the original service of summons on the individual commissioners was sufficient to confer upon the court jurisdiction over the County of Pitt. *Justice Walker,* speaking for the Court, makes this observation which is pertinent to the instant case: "The object of our present system of procedure is to try cases upon their merits, regardless of those technicalities which do not promote but defeat justice, at the same time preserving the substantial rights of parties. We do not think the plaintiff (defendant) could reasonably have been misled in this case. Any one looking at the process and pleadings would not fail to understand that the county was the alleged debtor and was sued for the debt. Revisal, sec. 509 (now G.S. 1-165), provides: 'The court, or judge thereof, shall in every stage of the action disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect.' But we put our decision on the broad ground that this was in effect, and from the beginning, an action against the county, and the misnaming of the defendant could not have misled the defendant as to the nature of the action or as to the party who was sued. Judge Daniels took the right view of the matter when he allowed the amendment. We do not think, though, that fresh process against the county was necessary to carry out that view. The original process had already been properly served and was sufficient to bring the county into court, and the amendment, as to the name, if necessary at all, was only so for the sake of conformity in process and pleadings."

In *Electric Membership Corporation v. Grannis Brothers,* 231 N.C. 716, 58 S.E. 2d 748, cited in the briefs of both sides, the basic facts are different from those in the instant case. There, the defendant was sued as a corporation, "Grannis Brothers, Inc.," when in fact the defendant was a partnership composed of C. K. Grannis, K. Sloan, and Mary G. McCloud, trading as E. W. Grannis Company. C. K. Grannis was served with summons, and the lower court ruled that the partnership was before the court. There, the trade name was materially different from the name of the nonexistent corporation, and the plaintiff did not move to amend, nor did the court order an amendment of the process and pleadings so as to make appellants "parties to the action by substitution or otherwise." Accordingly, it was held on appeal that, in the absence of an amendment, the variance was too great and that the motion to dismiss should have been allowed.

In the instant case, it is significant that the plaintiff in apt time moved to amend, and the motion was allowed, inserting the name of the individual defendant for that of the nonexistent corporation. While the facts in the *Electric Membership Corporation case* are different from those in the case at hand, the law laid down in the cited case supports with relevant pertinency the decision below in the instant case. In the cited case, *Justice Denny,* in discussing the scope of the trial court's power to amend process and pleadings, states: "Under the comprehensive power to amend process and pleadings, where the proper party is before the court, although under a wrong name, an amendment will be allowed to cure the misnomer. . . . It seems to be the general rule that where individuals are doing business as partners under a firm name and such firm is described or designated in the action, as a corporation, and the process is served on a member of the partnership, the members of the partnership may be substituted by amending the process and allowing the pleadings to be amended."

The decisions holding that the procedural requirements of G.S. 1-105 as to service of summons on a nonresident motorist must be strictly construed are not applicable to this case. Here, all of the procedural requirements of the statute were strictly followed, and the court below so found. Therefore this case is on the same footing as if the defendant were a resident of this State and had been served under our general statute regulating the service of process. The procedural machinery prescribed by our nonresident motorist statute (G.S. 1-105) for giving notice has been declared adequate and constitutional. This statute is modeled after the Massachusetts statute (*Ashley v. Brown,* 198 N.C. 369, 151 S.E. 725), which, when attacked as being violative of the Fourteenth Amendment to the Federal Constitution for failure to provide adequate notice to the party sued, was upheld by the Supreme Court of the United States,

with the Court stressing the controlling importance of the provision of the statute under which it is required that the defendant shall actually receive and receipt for notice of service and a copy of the process. *Hess v. Pawloski,* 274 U.S. 352, 71 L. Ed. 1091, bot. p. 1094. See also Annotations and cases cited therewith: 35 A.L.R. 951; 57 A.L.R. 1239; and 99 A.L.R. 131.

In the instant case, not only does our statute (G.S. 1-105) prescribe adequate provisions for giving notice, but here, the defendant Winkler, the person who is the sole owner and proprietor of the entity intended to be sued, received by registered mail and personally receipted for the notice of service with a copy of the summons and complaint, the contents of which gave unmistakable notice that it was he who was intended to be sued.

In the instant case, the facts found by the court below are of controlling importance. They are not controverted. The defendant Winkler's sole assignment of error is to "the action of Clement, Judge, in rendering and signing the Order dated August 22, 1950." This exceptive assignment of error brings up and presents the single question whether the facts as found are sufficient to support the order. It does not bring up for review "the findings of fact or the evidence upon which they are based." *Hoover v. Crotts,* 232 N.C. 617; *Carter v. Carter,* 232 N.C. 614; *Greensboro v. Black,* 232 N.C. 154; *Burnsville v. Boone,* 231 N.C. 577, 58 S.E. 2d 351; *Henderson County v. Johnson,* 230 N.C. 723, 55 S.E. 2d 502. Judge Clement found, among other things, these facts:

"1. That in the process and pleadings . . . the name, M. H. Winkler Manufacturing Company, Inc., was erroneously used.

"3. That . . . the Commissioner of Motor Vehicles mailed notice of . . . service and copy of the process to M. H. Winkler Manufacturing Company, Inc., Baton Rouge, Louisiana, by registered mail and received return receipt signed by 'M. H. Winkler (signature or name of addressee), date of delivery, 7-19-50.' •

"4. . . . that M. H. Winkler is the sole proprietor of said business under the trade name of M. H. Winkler Manufacturing Company.

"5. That the defendant intended to be sued was the individual or company that was involved in a collision by reason of the operation for him of a motor vehicle on the public highways of this State, which the Court finds was M. H. Winkler, trading and doing business as M. H. Winkler Manufacturing Company.

"6. That service of process was had on M. H. Winkler, and said M. H. Winkler, trading and doing business as M. H. Winkler Manufacturing Company, was sufficiently identified in the summons and copy of the complaint attached, served upon said M. H. Winkler so as to sufficiently advise him that he was the party sued, and intended to be sued, and that

said M. H. Winkler, trading and doing business as M. H. Winkler Manufacturing Company, was in nowise misled or prejudiced by the mistake in the name."

Here, the court below has found that M. H. Winkler was the party intended to be sued, that he has been properly served with process, and that he was sufficiently identified in the copies of the summons and complaint served on him, and that he "was in nowise misled or prejudiced by the mistake in the name." These facts appearing, and being found by the court, are sufficient to meet the requirements of the constitutional guaranty of due process of law. They sustain the order of Judge Clement in allowing the amendment and holding the individual defendant amenable to the jurisdiction of the court. See Annotation: 121 A.L.R. 1325, p. 1335, et seq.; World F. & M. Ins. Co. v. Alliance Sandblasting Co., 105 Conn. 640, 136 A. 681; 39 Am. Jur., Parties, section 126, p. 1005.

We do not reach for review on its merits the interlocutory order of Sharp, Special Judge, entered at the succeeding October, 1950, term of court. This order denied the defendant Winkler's motion, filed under a second special appearance, in which he again requested that the summons be quashed and in which he also asked that the former order of Judge Clement, then pending on appeal in this Court, be set aside (necessarily by another judge), for that (a) there is no such corporation known as M. H. Winkler Manufacturing Company, Inc., and (b) that at the time of the collision complained of no motor vehicle was being operated on a highway in this State by the defendant Winkler within the meaning of G.S. 1-105. Nor is it necessary for us to discuss the question of whether the matters sought to be raised by this second motion stand adjudicated by the order of Judge Clement. Of necessity we do not reach these questions because it appears upon the face of the record that the lower court was without jurisdiction to hear and determine the second motion of the defendant Winkler. When the previous order was entered by Judge Clement at the August, 1950, term of court, the defendant Winkler excepted to the order and in open court gave notice of appeal. The appeal entries signed at that time by the presiding judge fixed and settled the contents of the case on appeal. These entries effectively removed the matters involved from the jurisdiction of the Superior Court and transferred jurisdiction to this Court pending appeal. Cameron v. Cameron, 231 N.C. 123, 56 S.E. 2d 384; Veazey v. Durham, 231 N.C. 357, 57 S.E. 2d 377; Lawrence v. Lawrence, 226 N.C. 221, 37 S.E. 2d 496; Vaughan v. Vaughan, 211 N.C. 354, 190 S.E. 492. When these entries were noted, the appeal became effective eo instanti, notwithstanding the appeal bond may not have been filed until later. Hoke v. Greyhound Corporation, 227 N.C. 374, 42 S.E. 2d 407. There was no withdrawal of the appeal; therefore, the court below was functus officio to consider the second

motion, and it follows that the second order is a nullity. "Where such defect of jurisdiction is apparent on the record the Court will of necessity so declare it *ex mero motu.*" *Ridenhour v. Ridenhour,* 225 N.C. 508, 35 S.E. 2d 617; *Henderson County v. Smyth,* 216 N.C. 421, 5 S.E. 2d 136; *S. v. King,* 222 N.C. 137, 22 S.E. 2d 241.

The order entered at the October Term, 1950, will be vacated. The order entered at the August Term, 1950, is

Affirmed.