Charles J. Beckinella, J.
Motion for an order vacating service of the summons and complaint on defendant Brooklyn Club of the National Association of Business & Professional Women’s Clubs, Inc., on the ground that the process and its service are insufficient and that this court is without jurisdiction over the person of the said defendant.
The affidavit of Daphne Sheppard submitted in support of the motion discloses that she is the president of the Negro Business and Professional Women’s Club of Brooklyn, New York, which is also known as the Brooklyn Club of the National Association of Business & Professional Women’s Clubs, Inc., the latter name being the name set forth in the summons as being the name of the organization sought to be sued, and hereinafter referred to as the Brooklyn Club. The affidavit further states that the Brooklyn Club is an unincorporated association which has a charter from a parent organization hereinafter referred to as the ‘' National Association ”; that the affiant is neither an officer nor director of the National Association and is not authorized to receive process on behalf of the National Association. It is conceded, however, that service of a copy of the summons was made upon the affiant apparently in her capacity as president of the Brooklyn Club.
In view of the foregoing, it appears that no service was made upon the National Association, but such fact is immaterial. There is no doubt that it is the Brooklyn Club and not the National Association that is named as party defendant. This action can, therefore, be deemed one against the members of the Brooklyn Club, an unincorporated association.
The question that thus presents itself is whether jurisdiction has been acquired over the members of the Brooklyn Club, an unincorporated association. Section 13 of the General Associations Law permits an unincorporated association to be sued in the name of the president or treasurer of the association. A summons in an action against an unincorporated association must be addressed to the president or treasurer, and a summons naming the defendant by its association name is faulty. In the instant case, however, the person served with process was presi *229 dent of the Brooklyn Club, and the action, therefore, appears to have been brought against the right body of persons but under the wrong name. In such circumstances, the Brooklyn Club has been brought within the jurisdiction of the court and the court has power to make or to allow appropriate amendment of the defendant’s name. (Civ. Prac. Act, § 105; Boyd v. United .States Mtge. & Trust Co., 187 N. Y. 262; De Witt v. Abraham Bros. Horse & Mule Co., 170 App. Div. 610; Evoy v. Expressmen’s Aid Soc., 66 Hun 636, opinion in 21 N. Y. ¡3. 641; Yeager v. Co-operative Fire Underwriters Assn. of N. Y. State, 243 App. Div. 743 [2d dept.].)
Defendant also contends, however, that the court is without jurisdiction because an action pursuant to section 13 of the General Associations Law against an unincorporated association may be maintained only where such an action is against all the associates by reason of their liability therefor, and that there is nothing in the complaint or in plaintiff’s affidavit to indicate that all the members of the association are liable upon the cause of action pleaded. Failure to allege facts disclosing liability of all the individual members of the association in connection with the alleged defamatory remarks upon which the action is based may be a defect that is subject to a motion to dismiss the complaint for insufficiency as against the members of the association, but it does not follow that the absence of such allegations will deprive the court of jurisdiction in this action.
Accordingly, motion is denied with leave to plaintiff to serve an amended summons if she be so advised, and to serve an amended complaint as provided for in the disposition of the companion motion, made by defendant Margaret Reed, for dismissal of the complaint, which is decided herewith.
Settle order on notice.